Michael BACHMANN,
Plaintiff/Respondent,

v.

James WELBY, Defendant/Appellant.

No. 62104.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 27, 1993.

Rehearing Denied Aug. 26, 1993.

James J. Wilson, Edward J. Hanlon, Patricia Hageman, St. Louis, for defendant/appellant.

John P. Zimmerman, Lawrence O. Willbrand, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

In this jury-tried case, defendant police officer appeals the trial court's judgment awarding damages to plaintiff for injuries sustained in an automobile collision. The controlling issue on appeal is whether official immunity shields officer from personal liability. We hold that it does and reverse.

## I. Background

On November 20, 1988, officer was on uniform patrol in his patrol car. While on duty,

he received an all-points-bulletin indicating that there was an officer in need of aid. He notified the dispatcher that he would respond to the call and proceeded toward the location. On the way, officer collided with plaintiff's vehicle in an intersection.

## II. Official Immunity

Officer contends that the trial court erred in denying his motion for judgment notwithstanding the verdict or a new trial because he is shielded from liability by official immunity.

■ The official immunity doctrine applies to public officers acting within the scope of their authority. Public officers are not personally liable in tort for injuries arising from their discretionary acts, functions, or omissions. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 768–69 (Mo. banc 1984); *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985). Stated another way, this doctrine provides "that a public official is not civilly liable to members of the public for negligence strictly related to the performance of discretionary duties." *Green v. Denison*, 738 S.W.2d 861, 865 (Mo. banc 1987).

■ Official immunity exists because "fear of personal liability should not hang over public officials as they make judgments affecting the public safety and welfare." *Id.* Without this immunity, the public interest "will inevitably suffer from the too complacent attitude thus engendered." *Kanagawa*, 685 S.W.2d at 836 (quoting *Smith v. Berryman*, 272 Mo. 365, 199 S.W. 165, 167 (Mo. banc 1917)).

Missouri case law has not previously addressed whether official immunity applies to a police officer who, while responding to an emergency call, is involved in an automobile collision. If the officer's conduct involves discretionary acts, official immunity applies. However, if the conduct involves ministerial acts, no immunity exists.

■ A discretionary act is one that requires " 'the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued.' " *Rustici*, 673 S.W.2d at 769 (quoting *Jackson v. Wilson*, 581 S.W.2d 39, 43 (Mo.App.W.D.1979)). Ministerial acts, on the other hand, are " 'of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to [the officer's] own judgment or opinion concerning the propriety of the act to be performed.' " *Id.* (quoting *Jackson*, 581 S.W.2d at 43).

■ Whether an act is discretionary or ministerial is determined by the facts of each particular case. *Kanagawa*, 685 S.W.2d at 836. A narrow interpretation of "discretionary" will frustrate the purpose of official immunity. *Id.* Factors to consider include "[1] the nature of the official's duties, [2] the extent to which the acts involve policymaking or the exercise of professional expertise and judgment, and [3] the likely consequences of withholding immunity." *Id.*

■ Before applying these factors, we note that official immunity has been used to shield a number of law enforcement functions from liability. *See, e.g., Green*, 738 S.W.2d at 866 (decision by police officers to surround door and kick it open is discretionary); *Kanagawa*, 685 S.W.2d at 836 (designing policies and standards for prison security is discretionary function); *Beaver v. Gosney*, 825 S.W.2d 870, 874 (Mo.App.W.D.1992) (investigating accident scene is discretionary function); *Shivers v. Barnes*, 813 S.W.2d 121, 123 (Mo.App.W.D.1991) (discipline of prisoners is discretionary function); *DaVee v. Mathis*, 812 S.W.2d 816, 827 (Mo.App.W.D.1991) (execution of warrant is discretionary function); *Murray v. Leyshock*, 915 F.2d 1196, 1200 (8th Cir.1990) (drawing and firing weapon at guard dog is discretionary). *But see Rustici*, 673 S.W.2d at 769 (decision to make an arrest is ministerial and not shielded by official immunity). Police officers are public officials within the meaning of the official immunity doctrine. *See Green*, 738 S.W.2d at 865; *Beaver*, 825 S.W.2d at 874; *DaVee*, 812 S.W.2d at 827.

■ We turn to the factors mentioned in *Kanagawa* to consider whether officer's acts

were discretionary or ministerial. Here, officer was responding to a dispatch that another officer needed immediate assistance. Officer testified this "was an emergency call," one "calling for an emergency of the highest order."

After receiving this call, officer used his judgment in deciding what route to take and the rate of speed. This certainly involved the exercise of his professional expertise and judgment. "Discretion and judgment are synonymous." *Green*, 738 S.W.2d at 865.

"The fear of personal liability should not hang over public officials as they make judgments affecting the public safety and welfare." *Id.* If the prospect of a lawsuit loomed large, a police officer might be reluctant to quickly respond to an emergency call. As a result, the path of least resistance for an officer would be to drive within the speed limit and stop at all stop signs. Such action would obviously have an adverse effect on either an officer or a citizen in need of emergency aid.

We conclude that officer's actions involved discretionary or judgmental decisions protected by the doctrine of official immunity. Therefore, officer could not be held civilly liable for his alleged negligence in taking these actions.

We note, however, that the official immunity doctrine is a different legal concept than the sovereign immunity doctrine. *Jackson v. Wilson*, 581 S.W.2d 39, 42 (Mo.App. W.D.1979). The general assembly has waived sovereign immunity for injuries resulting from the negligent acts of public employees arising out of the operation of motorized vehicles. § 537.600.1(1), RSMo 1986. Thus, plaintiff may have a cause of action against the City of St. Louis.

The trial court's judgment is reversed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.