Jack McGUCKIN, Respondent,

v.

CITY OF ST. LOUIS, et al., Appellants.

No. 67857.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 28, 1995.

Edward J. Hanlon, Deputy City Counselor, St. Louis, for appellants.

James E. Godfrey, Jr., Godfrey and Fenlon, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellants, the City of St. Louis Board of Police Commissioners ("the Board"), appeal the judgment entered by the Circuit Court of the City of St. Louis, after a jury awarded respondent, Jack McGuckin ("driver"), damages in the amount of $100,000 for personal injuries he sustained in a collision resulting from a police officer's negligent operation of a motor vehicle while in the course of employment. We affirm.

On May 24, 1991, driver was involved in a car accident when his vehicle collided with a police car driven by Officer John McKenzie of the St. Louis Police Department. Driver filed his petition in two counts: Count I alleged Officer McKenzie, as an employee of the Board, negligently operated a Board-owned motor vehicle while in the course of his duties. Count II alleged negligence on the part of the officer individually. Prior to trial, driver voluntarily dismissed Count II of his claim against Officer McKenzie. Both the Board and the officer cross-claimed for damages for personal injuries and property damage.

The trial began on October 31, 1994. The evidence showed driver had been proceeding westbound on Chippewa Street in south St. Louis. Officer McKenzie, responding to an emergency call, was proceeding south on Meramec and intended to make a left turn onto Chippewa.

The intersection of Chippewa and Meramec is controlled by an electric traffic signal. Driver's evidence showed the officer proceeded through the intersection against a red light, with his emergency lights flashing but without any siren sounding. Officer McKenzie maintained he had both siren and flashing lights activated, and proceeded through the intersection on a green light. The accident occurred in driver's lane of traffic at the intersection of Meramec and Chippewa. Driver sustained multiple injuries.

At the close of all the evidence, the jury returned a verdict for driver in the amount of $150,000. The trial court remitted the amount to $100,000.[1] The Board's motion for judgment notwithstanding the verdict, or in the alternative, for a new trial was denied. This appeal follows.

The Board contends Officer McKenzie was entitled to official immunity, and that official immunity precludes a finding of liability on behalf of the Board. We find, however, the Board did not prove the officer was entitled to official immunity as a matter of law.

■■■■ The doctrine of official immunity is well established in Missouri law. *Jackson v. City of Wentzville*, 844 S.W.2d 585, 586 (Mo. App.E.D.1993). Official immunity protects a public officer from liability for discretionary acts performed in the course of his or her official duties. *Kanagawa v. State by and through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985). Whether an act is discretionary depends on whether the act "necessarily requires 'the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether an act should be done or a course pursued.'" *Rustici v. Weidemeyer*, 673 S.W.2d 762, 769 (Mo. banc 1984) (citation omitted). "'Discretion' relates not so much to the exercise of naked and unrestrained power as to the exercise of judgment." *Sherrill v. Wilson*, 653 S.W.2d 661, 667 (Mo. banc 1983). In other words, "[d]iscretion and judgment are synonymous."

*Green v. Denison*, 738 S.W.2d 861, 865 (Mo. banc 1987). This is opposed to an act that is ministerial, which an officer is required to perform in a prescribed manner, as mandated by legal authority, without regard to his own judgment. *Rustici*, 673 S.W.2d at 769.

■■■■ An officer is shielded from liability for negligent acts committed by him while he was acting in a discretionary capacity, but not from those occurring while he was acting ministerially. *Green*, 738 S.W.2d at 865. The character of official immunity is such that it defines the duty the defendant officer owes to the plaintiff. *Id.* *See also, Sherrill*, 653 S.W.2d 661.[2] The policy behind the doctrine's application considers that an officer should not have the fear of personal liability clouding his judgment when making decisions affecting the safety and welfare of the public. *Green*, 738 S.W.2d at 865. Official immunity, however, only shields the public employee, and affords no protection to the municipality.

■■■■ Sovereign immunity and official immunity are two distinct concepts. *Bachmann v. Welby*, 860 S.W.2d 31, 34 (Mo.App. E.D.1993). Sovereign immunity as it relates to the negligent operation of a motor vehicle by a public employee in the course of his employment has been expressly waived by the legislature. *See* RSMo § 537.600.1(1) (1994); *Bachmann*, 860 S.W.2d at 34. The statute does not create a new cause of action, but provides a remedy for an already existing cause of action previously barred by sovereign immunity. *Wilkes v. Mo. Highway and Transp. Com'n*, 762 S.W.2d 27, 28 (Mo. banc 1988). Suits to recover damages pursuant to this express waiver are brought under the theory of respondeat superior. *See Peoples v. Conway*, 897 S.W.2d 206, 208 (Mo. App.E.D.1995).

■■■■ In a cause of action premised on respondeat superior, the plaintiff cannot recover against the employer if he does not

1. RSMo § 537.610.1 (1994) limits recovery against the State or a political subdivision to $100,000 for any one person in a single accident.

2. At least one Missouri court has ruled official immunity is an affirmative defense to be pleaded and proved. *See Molasky v. Brown*, 720 S.W.2d

412, 414 (Mo.App.W.D.1986). Although that is the approach taken by some other jurisdictions, *see* 63A Am Jur 2d, Public Officers and Employees, § 360 (1984), that is not the status of the doctrine in Missouri.

have grounds for recovery against the employee. *Id.* Thus, if the defendant-public employee was entitled to official immunity for the acts causing the plaintiff's injury, the plaintiff would have no grounds for recovery against the employee and, likewise, against the employer.

In the instant case, the Board argues Officer McKenzie had official immunity, which precluded any finding of liability against the city. The Board claims that, because the officer was responding to an emergency call, a fact on which both parties agree, he was entitled to official immunity. In support of this proposition, they cite to *Bachmann v. Welby,* 860 S.W.2d at 34. *Bachmann* held that a police officer responding to a call of officer in need of assistance, an "'emergency of the highest order,'" was acting in a discretionary manner and, therefore, entitled to official immunity. *Id.* In *Bachmann,* however, the plaintiff premised his negligence cause of action on the officer's chosen route and rate of speed. *Id.* These aspects of responding to an emergency are clearly discretionary. Furthermore, to lump all "emergency call" cases together would undermine the tenet that whether an act was discretionary or ministerial is decided on a case by case basis. *Id.* at 33.

 In the present case, driver premised his negligence claim on the provisions of § 304.022.4 (1994), which sets out traffic regulations pertaining to emergency vehicles. Generally, a police officer operating a motor vehicle in the course of his duties is under a common duty, as are all drivers, to obey traffic rules and regulations and to exercise the highest degree of care on the roads. *Brown v. Tate,* 888 S.W.2d 413, 416 (Mo.App. W.D.1994). The legislature has carved out an exception to this general rule, however, in the emergency vehicle statute, RSMo § 304.022. The statute outlines the situations wherein a police officer may operate his vehicle without heed to certain traffic laws. More specifically, the statute states an emergency vehicle can proceed past a red stop signal, after slowing as may be necessary to ensure safety, while operating both its flashing lights and its audible signal. RSMo § 304.022.4(2)(b), (3).

The statute thus places limitations on an officer's ability to operate his vehicle in whatever manner he deems necessary, as it requires he use both light and siren before he can disregard traffic rules that bind all drivers. *See Ficken v. Hopkins,* 389 S.W.2d 193, 195 (Mo.1965). Once an officer complies with those two mandates, he brings himself under the protective umbrella of the statute and can then exercise his judgment in responding to the situation as the circumstances may warrant. However, until an officer is in compliance with the statute, he is bound by the same rules of the road as other drivers, and is afforded no special immunity for negligent acts or omissions committed by him.[3]

At trial, the jury was informed of the emergency vehicle statute and its exemption for a police vehicle utilizing both its audible signal and its flashing lights. In finding for driver, the jury rejected the Board's evidence that Officer McKenzie was in compliance with the statute. It necessarily follows that the jury believed driver's evidence that the officer proceeded through a red traffic signal without the use of his audible signal. Therefore, Officer McKenzie is not shielded by official immunity. Because driver's recovery for Officer McKenzie's negligence was not precluded by official immunity, under respondeat superior, driver properly recovered against the Board.

Based on the foregoing, the judgment of the trial court is affirmed.

SMITH, P.J., and RHODES, J. concur.

---

**3.** We recognize the impact this holding will have on law enforcement in numerous respects; however, we are constrained by the mandatory language of RSMo § 304.022.4(3), which does not provide for emergency situations where a silent approach may be advised.