STATE of Missouri, ex rel., James F. CONWAY, Charles E. Mischeaux, Matthew J. Padberg, Ann Marie Clarke and Freeman Bosley, Jr., comprising the Board of Police Commissioners of the City of St. Louis, Relators,

v.

Honorable James DOWD, Respondent.

No. 69940.

Missouri Court of Appeals, Eastern District, Division Six.

May 28, 1996.

**462**

Tyrone A. Taborn, City Counselor, Patricia A. Hageman, Assistant City Counselor, St. Louis, for Relators.

HOFF, Judge.

Plaintiff Michael Bachmann, a motorist injured in a collision with a police car, brought a cause of action against Officer James Welby for alleged negligence in his choice of route and speed. Following a jury trial, the trial court entered judgment in favor of plaintiff and denied the officer's motion for judgment notwithstanding the verdict or new trial. The officer appealed and this court held that the officer's decision regarding what route to take and what speed to travel in responding to an all-points bulletin was a "discretionary act" and therefore the officer was entitled to official immunity. *Bachmann v. Welby*, 860 S.W.2d 31 (Mo.App. E.D.1993). Plaintiff then filed this cause of action seeking to recover damages under the theory of vicarious liability or respondeat superior from relators James F. Conway, Charles E. Mischeaux, Matthew J. Padberg, Ann Marie Clarke, and Freeman Bosley, Jr. in their capacity as members of the Board of Police Commissioners of the City of St. Louis. Relators filed a motion to dismiss plaintiff's petition on the basis there can be no vicarious or respondeat superior liability against an employer where the employee is protected by official immunity. When the motion was overruled, relators filed a petition for writ of prohibition here. We issued a preliminary order.

Relators contend the trial court erred in failing to grant their motion to dismiss because an employer cannot be held liable under a theory of vicarious or respondeat superior liability for the acts of an employee who is protected by official immunity. Respondent acknowledges this court found the officer was entitled to official immunity and plaintiff seeks to impose liability on relators based on the theory of respondeat superior. However, respondent contends, relators' petition does not allege an issue that is proper for an extraordinary writ because relators are "effectively asking this [c]ourt to use an extraordinary writ procedure to create new law" in the area of immunities. Respondent requests costs and attorney fees pursuant to Rule 84.19.

We find this is an appropriate subject for an extraordinary writ. Prohibition is the appropriate remedy to "forbear patently unwarranted and expensive litigation, inconvenience and waste of time and talent." *State ex rel. New Liberty v. Pratt*, 687 S.W.2d 184, 187 (Mo. banc 1985). Where the issue before the trial court and this court is solely a matter of law, a writ of prohibition is proper to prevent needless litigation. *State ex rel. O'Blennis v. Adolf*, 691 S.W.2d 498, 500 (Mo.App. E.D.1985).

Section 537.600.1.(1) RSMo 1986 expressly waives immunity for "[i]njuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment[.]" We acknowledge sovereign immunity does not bar this action against relators. However, we find that where the claim is premised on the theory of respondeat superior and not on the negligent or intentional acts of the employer, the plaintiff cannot recover against the employer if he does not have grounds for recovery against the employee. *McGuckin v. City of St. Louis*, 910 S.W.2d 842, 844–845 (Mo.App. E.D.1995); *Peoples v. Conway*, 897 S.W.2d 206, 208 (Mo.App. E.D.1995); *Jackson v. City of Wentzville*, 844 S.W.2d 585, 589 (Mo.App. E.D. 1993). The employee's exoneration from liability necessarily exonerates the employer.

Here, plaintiff's petition seeks to impose liability on relators in their capacities as members of the Board of Police Commissioners of the City of St. Louis, based upon the doctrine of respondeat superior. This court has already held the officer whose acts caused plaintiff's injuries is entitled to official immunity and therefore plaintiff has no grounds to recover against the officer. Consequently, we find plaintiff has no grounds to recover against relators.

Writ of prohibition made permanent. Request for costs and attorney fees denied.

CRAHAN, P.J., and AHRENS, J., concur.