**STATE ex rel. CITY OF FULTON, Missouri, Relator,**

v.

**Honorable Gene HAMILTON, Respondent.**

No. WD 52976.

Missouri Court of Appeals, Western District.

Submitted March 4, 1997.

Decided March 25, 1997.

Martin J. Buckley, St. Louis, for appellant.

Charles W. Franklin, Fulton, for respondent.

Before SMART, P.J., and LOWENSTEIN and EDWIN H. SMITH, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

SMART, Presiding Judge.

This case involves the potential liability of a municipality for the alleged negligence of a police officer where the claim against the officer as an individual has been dismissed on grounds of official immunity. The City of Fulton ("the City") seeks a writ of prohibition to prohibit respondent, the Honorable Gene Hamilton, from proceeding to exercise jurisdiction over it in the case of *Anthony Spencer Zeugin v. John Mark Beebe, Paula Jean Trusty and City of Fulton, Missouri,* Case No. CV594–545CC in the Circuit Court of Callaway County, Missouri. On November 5, 1996, we issued a preliminary order in prohibition, ordering that the respondent cease from exercising any jurisdiction over the City other than to dismiss the City from the pending action. The preliminary writ is made absolute.

### The Petition

On December 20, 1994, Anthony Zeugin filed a petition in the Circuit Court of Callaway County. The petition contained three counts, relating to an automobile accident involving three cars. In Count I, Zeugin alleged that he was injured when a vehicle driven by John Beebe collided with the vehicle that he was driving. In Count II, Zeugin alleged that Paula Trusty, a police officer employed by the City, had been dispatched to the accident scene and that the vehicle driven by Trusty collided with Zeugin's vehicle, causing Zeugin injury. Specifically, Zeugin alleged:

Defendant Trusty was careless and negligent in the manner in which she operated the 1985 Ford as follows:

A. By operating her vehicle at an excessive rate of speed under the circumstances as they existed;

B. By failing to slacken her speed;

C. By failing to apply the brakes in the 1985 Ford in time to avoid a collision with Plaintiff Zeugin's vehicle;

D. By failing to operate the 1985 Ford vehicle on the right side of the road;

E. By failing to keep a forward lookout;

F. By failing to slow or swerve the 1985 Ford to avoid a collision with Plaintiff.

Count III of Zeugin's petition purported to state a claim against the City, alleging:

That Defendant Trusty was the agent, servant and employee of Defendant, City of Fulton, Missouri, and at the time of the collision hereinabove alleged, was acting within the scope of her employment and under the direction of other agents, servants and employees of the City of Fulton, Missouri.

Trusty filed a motion to dismiss on the ground that she "has no liability as a result of the official immunity doctrine and, as a matter of law, there can be no recovery against this defendant." [1] On April 27, 1995, the trial court sustained Trusty's motion and dismissed the claim against Trusty with prejudice.

### Keeping the City in the Case

The City then filed a motion for summary judgment claiming that it was entitled to judgment because a municipality cannot be held liable for a police officer's negligence where that officer is protected from liability by official immunity. On December 13, 1995, the trial court denied the City's motion, stating:

In sustaining defendant Trusty's Motion to Dismiss on April 27, 1995 this court relied on the Missouri Court of Appeals, Eastern Dist., decision in *Bachmann vs. Welby,* 860 S.W.2d 31 (Mo.App. E.D.1993). This Court now finds that the Missouri Court of Appeals, Eastern Dist., has revisited the subject of an officer's privilege of official immunity in *McGuckin v. City of St. Louis, Mo.* Court of Appeals, Eastern Dist., No. 67857, opinion filed November 28, 1995. On the basis of that Court's further interpretation of official immunity, Defendant City's Motion for Summary Judgment overruled.

The City sought a writ of prohibition in this court. We issued a preliminary order in prohibition, stating:

This Court orders that Respondent herein cease any action to exercise jurisdiction over defendant relator City of Fulton, other than to order the dismissal of relator from the pending action. Unless the order of dismissal against Paula Jean Trusty is set aside, and said Ms. Trusty is brought back into the lawsuit as a defendant, no proceedings may be had against Defendant City of Fulton on any theory of liability based upon respondeat superior.

We now make that writ absolute.

The City argues that the trial judge acted in excess of his jurisdiction in refusing to

---

1. Sovereign immunity and official immunity are separate and distinct doctrines. Sovereign immunity is designed to protect governmental entities from liability for torts. *See Jackson v. Wilson,* 581 S.W.2d 39, 42 (Mo.App.1979). The Missouri Supreme Court in *Jones v. State Highway Comm'n,* 557 S.W.2d 225 (Mo. banc 1977), abrogated the common law doctrine of sovereign immunity. The doctrine was reinstated, in a somewhat modified form, by legislative action. *Kanagawa v. State By & Through Freeman,* 685 S.W.2d 831, 834 (Mo. banc 1985). Section 537.600, RSMo 1994, provides, in pertinent part:

1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by stat-

utes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment;

Motor vehicle operation is an example of an area of activity in which official immunity might apply, but sovereign immunity does not bar the action. *See, e.g., McGuckin v. City of St. Louis,* 910 S.W.2d 842, 845 (Mo.App.1995).

grant judgment to the City because the City can have no liability on the only theory pleaded against it in Zeugin's petition, respondeat superior. The City reasons that since Trusty was exonerated from liability by official immunity and by the dismissal with prejudice of the claim against her, it must also be exonerated since exoneration of the servant necessarily exonerates the master. Zeugin argues that refusal to grant judgment to the City was not in excess of jurisdiction because the City may have some liability in that Trusty may have been negligent and may not be entitled to official immunity. The respondent points to *McGuckin v. City of St. Louis,* 910 S.W.2d 842, 845 (Mo.App. 1995), a case in which the court held that a police officer operating a motor vehicle in an emergency must comply with the emergency vehicle statute, § 304.022, RSMo 1994, before he or she is entitled to official immunity. The *McGuckin* court held that § 304.022 requires that an officer use both light and siren before he or she can disregard traffic rules binding all drivers. In respondent's brief on this appeal it is claimed that Zeugin wishes to offer evidence that although Trusty was operating the flashing lights at the time of the accident, there was no audible sound from the vehicle. This court also notes that in *McGuckin* the case went to verdict against the city even though the officer was dismissed from the case by the plaintiff before the case was submitted.

■ Under the theory of respondeat superior, an employer is held liable for a tort committed by an employee if the employee is acting within the scope of employment. *Burks v. Leap,* 413 S.W.2d 258, 266 (Mo. 1967). The general rule is that if there is no ground of recovery due to the alleged negligence of the agent, there is no ground of recovery against the principal. *Jackson v. City of Wentzville,* 844 S.W.2d 585, 589 (Mo. App.1993).

### Official Immunity

■ The doctrine of official immunity is not a new one. In *Reed v. Conway,* 20 Mo. 22, 43–44 (1854), the court, in a survey of both English and American authorities, examined the proposition that "a ministerial officer, acting in a matter before him with discretionary power . . . is not responsible to anyone receiving an injury from such act, unless the officer act maliciously and willfully wrong. . . ." The *Reed* court explained that the doctrine was "most clearly established and maintained." *Id.* The doctrine remains viable. Public officers who act within the scope of their authority cannot be held liable for any discretionary acts or omissions, although they may be held liable for any torts committed when they function in a ministerial capacity. *Kanagawa,* 685 S.W.2d at 835. Discretionary acts require some judgment in order that they be performed or some exercise of reason as determining the means to an end. *Rustici v. Weidemeyer,* 673 S.W.2d 762, 769 (Mo. banc 1984). Ministerial acts are likened to actions of a clerical nature, which require little discretion or judgment, but are performed in some prescribed manner according to the dictates of legal authority. *Id.*

■ For the purposes of the official immunity doctrine, a police officer is deemed a public official. *Brown v. Tate,* 888 S.W.2d 413, 414 (Mo.App.1994). As such, the officer has the benefit of the doctrine, which acts as a shield against liability from torts arising out of discretionary acts. *Fonseca v. Collins,* 884 S.W.2d 63, 66 (Mo.App.1994). As a general rule, a police officer is responsible to obey traffic laws and regulations. *Brown,* 888 S.W.2d at 415. A police officer responding to an emergency call, however, is performing a discretionary function. *Bachmann v. Welby,* 860 S.W.2d 31, 34 (Mo.App.1993). In *Bachmann,* the Eastern District considered the question, not previously addressed in Missouri case law, of whether official immunity applied to an officer responding to an emergency call. In deciding that immunity did apply, the court noted that the officer employed judgment in deciding the route to take and the speed to travel in responding to an emergency dispatch. *Id.*

A year after its decision in *Bachmann,* the Eastern District further examined the application of official immunity in relation to a police officer responding to an emergency call in *McGuckin v. City of St. Louis,* 910 S.W.2d 842 (Mo.App.1995). The plaintiff in

*McGuckin* was struck by a car driven by a police officer responding to an emergency call. The officer proceeded through a red light with his emergency lights flashing but without any siren. *Id.* at 844. The plaintiff brought suit against both the Board of Police Commissioners and the individual officer. Plaintiff voluntarily dismissed the claim against the officer. *Id.* at 843. The jury returned a plaintiff's verdict, and the City of St. Louis Board of Police Commissioners appealed. The Board contended that the police officer was entitled to official immunity and, therefore, that immunity would preclude a finding of liability on behalf of the Board of Commissioners.

The plaintiff in *McGuckin* based his negligence claim on § 304.022.4, RSMo 1994, the emergency vehicle statute. *Id.* at 845. The statute describes those situations wherein a police officer may operate an emergency vehicle without regard to certain traffic laws, specifically when the emergency vehicle is operating with flashing lights and audible siren. *Id.* The court concluded:

> The statute thus places limitations on an officer's ability to operate his vehicle in whatever manner he deems necessary, as it requires he use both light and siren before he can disregard traffic rules that bind all drivers. *See Ficken v. Hopkins,* 389 S.W.2d 193, 195 (Mo.1965). Once an officer complies with those two mandates, he brings himself under the protective umbrella of the statute and can then exercise his judgment in responding to the situation as the circumstances may warrant. However, until an officer is in compliance with the statute, he is bound by the same rules of the road as other drivers, and is afforded no special immunity for negligent acts or omissions committed by him.

*Id.* (footnote omitted). Since the jury believed the plaintiff's evidence showing that the officer drove through a red signal without a siren, the officer was not entitled to claim official immunity. Therefore, the Board of Police Commissioners was liable under respondeat superior. *Id.*

An even more recent decision confirms the general rule. *State ex rel. Conway v. Dowd,* 922 S.W.2d 461 (Mo.App.1996). *Conway* arose out of *Bachmann.* The plaintiff in *Bachmann,* injured in a collision with a police officer, brought an action against the Board of Police Commissioners after the *Bachmann* court held that the officer who struck him was entitled to official immunity. The Board filed a motion to dismiss on the theory that there can be no liability to the Board, as employer, where the employee is entitled to official immunity. The trial court denied the motion. The Board sought a writ of prohibition. In support of its petition, the Board contended that the trial court erred in failing to dismiss the claim because the Board could not be held liable under respondeat superior principles. The court agreed, holding:

> We acknowledge sovereign immunity does not bar this action against relators. However, we find that where the claim is premised on the theory of respondeat superior and not on the negligent or intentional acts of the employer, the plaintiff cannot recover against the employer if he does not have grounds for recovery against the employee. The employee's exoneration from liability necessarily exonerates the employer.

*Conway,* 922 S.W.2d at 463 (citations omitted).

 In the case before us, plaintiff desires to plead that Officer Trusty was not in compliance with the emergency vehicle statute at the time of the collision, and therefore is not entitled to official immunity. Plaintiff, however, apparently does not seek to bring Officer Trusty back into the case, but rather to treat the city's potential liability as though the officer were still in the case and subject to liability. Plaintiff desires that we ignore the fact that Trusty has been exonerated from liability. We find no authority, however, for the proposition that we may do so.

This is not a case where Trusty was not sued in the first place, or was voluntarily dismissed from the suit by plaintiff, as in *McGuckin.* Nor is this a case in which Trusty has, by virtue of compromise and settlement, been released from further liability. This is a case where there has been an adjudication that Trusty has no liability by virtue of the doctrine of official immunity. While the *McGuckin* case may have caused

the trial court to have subsequent misgivings about whether Officer Trusty was really protected by official immunity in this case, the trial court has not set aside the dismissal of Trusty, and plaintiff has not sought to have the ruling set aside. The cases forbid the court to speak with a "forked tongue." The court cannot hold that official immunity applies as to the officer but not as to the city. It is not as though the dismissal of Trusty is ancient history. We are not aware of any reason that the dismissal should be considered final, because parties and issues are still before the court for resolution. *See Magee v. Blue Ridge Professional Bldg. Co., Inc.*, 821 S.W.2d 839, 842 (Mo. banc 1991); *Afshari Enterprises, Inc. v. Venz*, 689 S.W.2d 846 (Mo.App.1985). Plaintiff cannot maintain a claim against the city on a theory of respondeat superior liability in the face of a current adjudication that the agent of the city has no liability. As long as the trial court's ruling exonerating Officer Trusty from liability is in effect, the trial court lacks the power to proceed against the city on a theory of respondeat superior liability.

Our preliminary order in prohibition is made absolute. The respondent is ordered to exercise no further jurisdiction over the City of Fulton other than to dismiss it from the action. Unless the order of dismissal against Paula Jean Trusty is set aside, and Trusty is brought back into the lawsuit as a defendant, no proceedings may be had against the City of Fulton on any theory of liability based on respondeat superior.

SO ORDERED.

LOWENSTEIN and EDWIN H. SMITH, JJ., concur.

