

# SUPREME COURT OF MISSOURI
## en banc

STATE EX REL. MAYELA BARRON,     )      *Opinion issued December 6, 2022*
    )
            Relator,     )
    )
v.     )     No. SC99626
    )
THE HONORABLE JOHN D. BEGER,     )
    )
            Respondent.     )

### ORIGINAL PROCEEDING IN PROHIBITION

PER CURIAM

Justin Osborn alleged negligence claims against Missouri Highway Patrol Trooper Mayela Barron in her individual capacity. Trooper Barron filed a petition for a writ of prohibition directing the circuit court to vacate its order denying Trooper Barron's motion for summary judgment and sustain Trooper Barron's motion for summary judgment against Osborn because Trooper Barron is entitled to official immunity. This Court issued a preliminary writ of prohibition. Osborn alleged Trooper Barron is not entitled to official immunity or protection pursuant to the public duty doctrine. The preliminary writ of prohibition is made permanent.

## Factual Background and Procedural History

Missouri State Highway Patrol Trooper Mayela Barron was patrolling an eastbound section of Highway P in Pomona, Missouri, around 9:25 p.m. This section of Highway P, which Trooper Barron had previously patrolled, consists of two narrow lanes that travel over steep hills, through a forest, and has a posted speed limit of 55 miles per hour. Missouri State Highway Patrol Master Sergeant Steven Foster, who was approximately one mile ahead of Trooper Barron, radioed Trooper Barron that a white truck, traveling at approximately 92 miles per hour, was traveling in Trooper Barron's direction. Shortly thereafter, the white truck passed Trooper Barron, traveling at approximately 99 miles per hour. Deciding to apprehend the vehicle, Trooper Barron began a pursuit of the truck.

While pursuing the truck, Trooper Barron determined that, because of the truck's increasing speed, the hilly terrain, the time of day, and upcoming service roads, Trooper Barron should close the distance between herself and the truck before engaging her emergency lights and sirens. While following the truck without her emergency lights and sirens engaged, Trooper Barron crested a hill near an intersection. At the same time, Justin Osborn, in a different vehicle, pulled out into the intersection to make a lawful turn onto Highway P. Trooper Barron, seeing Osborn's vehicle, applied her brakes to slow down and attempted to swerve past Osborn's vehicle, but could not avoid Osborn's vehicle and the two vehicles collided.

Osborn filed a two-count petition in the Howell County circuit court, alleging negligence claims against Trooper Barron in her individual capacity. Trooper Barron

filed her answer, pleading the affirmative defense of official immunity and immunity because of the public duty doctrine. Osborn filed a motion for partial summary judgment, arguing Trooper Barron was not entitled to official immunity or immunity because of the public duty doctrine. The circuit court sustained Osborn's motion for partial summary judgment. The circuit court concluded Trooper Barron could not raise the affirmative defense of official immunity, and the public duty doctrine did not apply because Trooper Barron's acts were not discretionary because she was not in pursuit and she was not responding to an emergency.

Osborn later filed his first amended petition, seeking punitive damages. Trooper Barron filed a motion for summary judgment on Osborn's first amended petition, and again argued she was entitled to the protections of official immunity and the public duty doctrine. Osborn filed a renewed motion for partial summary judgment, arguing Trooper Barron was not entitled to official immunity or immunity because of the public duty doctrine.

The circuit sustained Osborn's renewed motion for partial summary judgment and overruled Trooper Barron's motion for summary judgment. The circuit court concluded for the same reasons as set out above Trooper Barron was not entitled to official immunity or the public duty doctrine.

After the court of appeals denied writ relief, Trooper Barron sought a writ of prohibition from this Court directing the circuit court to vacate its order denying Trooper Barron's motion for summary judgment and sustain Trooper Barron's motion for summary judgment against Osborn alleging Trooper Barron is entitled to official

3

immunity. This Court issued a preliminary writ of prohibition, which is now made permanent.

## Standard of Review

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, § 4.1.

> A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex rel. Key Ins. Co. v. Roldan*, 587 S.W.3d 638, 641 (Mo. banc 2019). Prohibition is appropriate when an individual is entitled to official immunity. *State ex rel. Helms v. Rathert*, 624 S.W.3d 159, 163 (Mo. banc 2021). "Importantly, immunity protects an official from suit altogether, not merely judgment." *Id.*

Summary judgment is only proper if the moving party establishes there is no genuine issue as to the material facts and the movant is entitled to judgment as a matter of law. *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452 (Mo. banc 2011). A defendant is entitled to summary judgment as a matter of law by demonstrating "there is no genuine dispute as to the existence of the facts necessary to support movant's properly pleaded affirmative defense." *Id.* at 453.

## Analysis

"Official immunity . . . protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official

duties for the performance of discretionary acts." *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 190 (Mo. banc 2019) (internal quotation omitted).

> At issue here is the doctrine of official immunity, which this Court has long held protects a public official from liability if that official acts within the course of his official duties and without malice. The purpose of this doctrine is to allow public officials to make judgments affecting the public safety and welfare without the fear of personal liability. This is because, if an officer is to be put in fear of financial loss at every exercise of his official functions, . . . the interest of the public will inevitably suffer . . . .

*Id.* at 190-91 (internal citations, quotations and alterations omitted). "Indeed, courts and legal commentators have long agreed that society's compelling interest in vigorous and effective administration of public affairs requires that the law protect those individuals who, in the face of imperfect information and limited resources, must daily exercise their best judgment in conducting the public's business." *Id.* at 191 (internal quotations and alterations omitted). "Courts applying the doctrine of official immunity must be cautious not to construe it too narrowly lest they frustrate the need for relieving public servants of the threat of burdensome litigation." *Id.* (internal quotations omitted).

"There is, however, a narrow exception to the application of the official immunity doctrine – i.e., when a public officer fails to perform a ***ministerial*** duty required of him by law, he may be personally liable for the damages caused." *Id*. at 191 (emphasis in original).

> Generally, a ministerial act has long been defined as merely "clerical." And this Court has noted that a ministerial duty compels a task of such a routine and mundane nature that it is likely to be delegated to subordinate officials. For more than a century, this Court has held that a ministerial or clerical duty is one in which a certain act is to be performed upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority, and without regard to [the public official's] judgment or opinion

5

concerning the propriety or impropriety of the act to be performed. Thus, the central question is whether there is any room whatsoever for variation in when and how a particular task can be done. If so, that task – by definition – is not ministerial.

The task of identifying ministerial acts that fall outside the protections of official immunity is similar to the task of identifying ministerial acts that a writ of mandamus will issue to compel an official to perform. In fact, the test for whether a task is "ministerial" for purposes of a writ of mandamus is precisely the same as the test for whether that task is "ministerial" such that official immunity will not apply. Accordingly, if a writ of mandamus would not have been proper to compel an official to perform an act, it should follow that official immunity protects an official from liability for injuries arising from the performance of that act.

. . .

The fact that a statute or regulation may confer authority – or even a duty – to act in a given situation says nothing about whether the act authorized or compelled is the sort of ministerial or clerical act to which official immunity does not extend. Thus, the relevant inquiry is not whether the law authorizes, regulates, or requires an action. Instead, it is whether the action itself is ministerial or clerical.

*Id.* at 191-92 (internal citations and quotations omitted, alteration in original).

Turning to the case at hand, it is uncontroverted that Trooper Barron is a public official, as she is a trooper with the Missouri State Highway Patrol, a governmental entity. Osborn has also made no allegation that Trooper Barron was acting with malice. It is also uncontroverted that Trooper Barron was working within the scope of her official employment when she was pursuing the white truck. As such, the only issue is whether Trooper Barron was performing a ministerial act when she was pursuing the white truck.

Osborn argues Trooper Barron is not entitled to official immunity because she was not responding to an "emergency," and, therefore, was not acting with "discretion." Osborn misstates the law. Whether Trooper Barron was responding to an emergency is

6

not an element of the affirmative defense of official immunity. While Missouri case law has defined emergencies as non-ministerial, it is not an element Trooper Barron must prove. *See*, *e.g.*, *Southers v. City of Farmington*, 263 S.W.3d 603, 618-19 (Mo. banc 2008); *Davis v. Lambert-St. Louis Intern. Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006).

The decisions Trooper Barron made when attempting to overtake the truck could have been made in various different ways and were subject to Trooper Barron's discretion. This included the discretion over Trooper Barron's vehicle's speed, discretion over her vehicle's emergency lights, and discretion over her vehicle's emergency sirens. This Court does not have to determine if Trooper Barron was responding to an emergency, just whether her actions were ministerial.[1] Because there was "room for variation" in how Trooper Barron pursued the truck, "that task – by definition – is not ministerial." *Kanatzar*, 588 S.W.3d at 191. As such, Trooper Barron is entitled to the affirmative defense of official immunity as a matter of law.

## CONCLUSION

Trooper Barron bears the burden of proving the affirmative defense of official immunity. The summary judgment record demonstrated Trooper Barron was a public official, working in the scope of her employment, performing a function that was not

---

[1] This Court rejects Osborn's argument these acts were ministerial because they violated Missouri State Highway Patrol policies and § 304.022.5(3), RSMo 2016. This Court rejected a nearly identical argument in *Davis*: "Section 304.022, which allows drivers of emergency vehicles to violate certain traffic rules in emergency situations, does not affect official immunity. . . . [S]ection 304.022 does not abolish, abrogate, or in any way modify official immunity." 193 S.W.3d at 763-64. Further, when the circuit court noted that Trooper Barron's affidavit alleged she was attempting to overtake a vehicle but concluded such an act was not discretionary, the circuit court misapplied the law as recently explained in *Kanatzar*.

ministerial, and Trooper Barron performed these duties without malice. Therefore, a writ of prohibition is appropriate to compel the circuit court to vacate the portion of its order overruling Trooper Barron's motion for summary judgment and to sustain Trooper Barron's motion for summary judgment against Justin Osborn because Trooper Barron is entitled to official immunity. The preliminary writ of prohibition is made permanent. [2]

Wilson, C.J., Russell, Powell, Fischer, Ransom
and Draper, JJ., and Torbitzky, Sp.J., concur.
Breckenridge, J., not participating.

---

[2] Because this Court issues writ relief to Trooper Barron because of her entitlement to official immunity, all remaining claims raised by Osborn will not be addressed.