STATE OF MISSOURI, ex inf. EARL SAUNDERS, Prosecuting Attorney of Jefferson County, Plaintiff-Respondent, v. MARTIN BURGESS, Defendant-Appellant, No. 43546—264 S. W. (2d) 339.

Division Two, January 11, 1954.

Motion for Rehearing or to Transfer to Banc Overruled, February 8, 1954.

*Mark M. Hennelly* and *Dewey A. Routh* for appellant; *Donald H. Stephen* of counsel.

*Earl Saunders, M. C. Matthes* and *Dearing & Matthes* for respondent.

WESTHUES, C.—J. W. Thurman, Prosecuting Attorney of Jefferson County, Missouri, filed an information in Quo Warranto in the Circuit Court of the county to oust Martin Burgess from the office of Assessor. While the case was pending on appeal, Earl Saunders took office as Prosecuting Attorney and his name was substituted in lieu of J. W. Thurman's name.

The information alleged that Burgess during the months of March, April, and May of 1952, while holding the office of County Assessor and while acting as such, unlawfully solicited a contribution of $3,500 from the Pittsburg Plate Glass Company, with factory at Crystal City, in consideration for which Burgess promised he would not increase the assessed valuation of the property of the company. It was charged in the information that Burgess by soliciting the bribe violated Section 558.090, RSMo 1949, VAMS, and thereby forfeited his right to hold the office of Assessor. The prosecutor asked that Burgess be ousted from office. A change of venue took the case to the Circuit Court of Phelps County, Missouri, where a trial was had before E. W. Allison, the regular judge of that county. The trial court entered a judgment ousting Burgess from office and an appeal was granted to this court.

Appellant Burgess in his brief did not question the sufficiency of the evidence to sustain the charges of the petition. The evidence disclosed that Burgess on various dates in March, April, and May of 1952 approached the officers of the Pittsburg Plate Glass Company and suggested to them that it was an election year; that he had opposition and needed money to pay the campaign expenses; that he had been fair to the company and the company should help him. After a number of suggestions of this nature failed to bring results, Burgess informed one of the officers of the company in the presence of a witness that if the company would not pay $3,500, he (Burgess) would double the valuation of the company's property. This was followed by a letter advising the company that Burgess, as Assessor, had increased the assessment of the property of the company from $2,401,300 to $5,000,000.

In the brief, appellant says the court did not have jurisdiction for the reason that quo warranto cannot be invoked to oust him from office; that Sections 558.090 and 558.130, RSMo 1949, VAMS, provide an exclusive remedy. A number of cases were cited which have no bearing on this point. The case of State ex rel. Letcher v. Dearing, 253 Mo. 604, 162 S.W. 618, cited by appellant, supports his theory. That case was not followed by the court en banc in the case of State

ex inf. Norman v. Ellis, 325 Mo. 154, 28 S.W. (2d) 363, where it was held that quo warranto was a proper remedy to be invoked to oust a county official for malfeasance in office. The Dearing case, supra, was expressly overruled in State ex inf. McKittrick v. Wymore, 343 Mo. 98, 119 S.W. (2d) 941, l.c. 948 (16), 119 A.L.R. 710, with concurring opinion by Leedy, J. Other cases on this subject are State on inf. McKittrick v. Wymore, 345 Mo. 169, 132 S.W. (2d) 979; State on inf. McKittrick v. Graves, 346 Mo. 990, 144 S.W. (2d) 91; State on inf. McKittrick v. Williams, 346 Mo. 1003, 144 S.W. (2d) 98.

The Constitution of 1875, Art. XIV, Sec. 7, provided for the removal of county officers for malfeasance in office. The 1945 Constitution, Art. VII, Sec. 4, contains a similar provision. Section 531.010, RSMo 1949, VAMS, and Art. V, Sec. 4, of the 1945 Constitution authorize a prosecuting attorney to institute quo warranto proceedings. The cases above-cited, except the Dearing case, hold that county officers may be removed by such a proceeding.

 Appellant also says he was entitled to a jury trial. This court en banc, with all of the judges concurring, in the case of State on inf. McKittrick v. Williams, supra, 144 S.W. (2d) l.c. 105 (28-30), ruled that in a proceeding of this nature, the person informed against is not entitled to a jury trial. We need not review the question further.

 Appellant contends that a conviction for a criminal offense is a prerequisite to the institution of ouster proceedings. The Dearing case, supra, was cited as authority. That case, as above-noted, has been overruled. The cases of State ex inf. McKittrick v. Wymore, 119 S.W. (2d) 941, State on inf. McKittrick v. Williams, and State on inf. McKittrick v. Graves, supra, ruled that a conviction was not a prerequisite to the institution of quo warranto proceedings.

We have disposed of all the points briefed by the appellant. The judgment of ouster was proper and amply supported by the evidence.

The judgment is affirmed. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.