STATE of Missouri ex inf. Robert McCulloch, Respondent,

v.

Robert EDWARDS, Appellant.

No. ED 94409.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 22, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 2011.

Application for Transfer Denied May 31, 2011.

---

Bernard F. Edwards, Jr., Saint Louis, MO, For Appellant.

Robert P. McCulloch, Prosecuting Attorney, St. Louis, S. Bart Calhoun, Assistant

Prosecuting Attorney, Clayton, MO, For Respondent.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

Robert Edwards appeals the trial court's judgment in quo warranto removing him from the Board of Directors of the Northeast Ambulance and Fire Protection District (the "Board"). We affirm.

## I. BACKGROUND

The Northeast Ambulance and Fire Protection District is governed by a board of three directors. In October 2009, the Board consisted solely of two members, Robert Edwards and Rhea Willis, with the third Board position being vacant. On October 6, 2009, Edwards called a meeting of the Board. Willis was absent from the meeting. With no other Board members present, Edwards proceeded to call and vote on various motions. Edwards also, without providing any reason, went into a closed session with two attorneys, the Board secretary and two other persons. After the closed session, Edwards moved to re-open the session and the meeting was adjourned.

A second meeting was held on October 13, 2009. Both Edwards and Willis were present at the meeting but Willis made no motions, did not second any motions and did not vote on any motions. Throughout the meeting, Edwards made several motions. Edwards seconded his own motions and voted affirmatively to approve the minutes of the October 6 meeting and approve the payment of the district's bills. Thereafter, Edwards moved to go into a closed session. Edwards seconded his own motion and cast the sole vote in favor of closing the meeting. Willis did not go into the closed session, but left the meet-

ing. Following the closed session, the meeting was adjourned.

A third meeting was held on October 20, 2009. Again, both Edwards and Willis were present. Edwards made a motion to approve the minutes of the October 13 meeting and to pay unbudgeted bills. Willis did not second the motions; nevertheless both motions were "approved" by Edwards. After going into yet another closed session, Edwards re-opened the meeting and adjourned without a motion or vote.

Robert McCulloch, prosecuting attorney of St. Louis County, filed a petition in quo warranto seeking Edwards' removal from the Board. Based on the evidence, the trial court found Edwards willfully usurped and executed the duties of the office of a Board member. The court also found Edwards exceeded his authority and intentionally and flagrantly abused his power by unilaterally exercising the powers of the full Board. In its judgment in quo warranto, the trial court found that Edwards' intentional abuses of power constituted misconduct, and therefore in committing such acts Edwards forfeited his office. Having found Edwards forfeited his office, the court, pursuant to section 531.010 RSMo 2000 [1], issued the judgment in quo warranto ousting him from office. Edwards appeals.

## II. DISCUSSION

Edwards asserts three points on appeal challenging the trial court's judgment removing him from his position on the Board on the grounds that he had forfeited his public office by committing misconduct in unilaterally voting and transacting Board business.

---

1. All statutory references are to RSMo 2000.

## A. Standard of Review

On appeal from a judgment in a court-tried case, we will sustain the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will only set aside the judgment upon a firm belief that the judgment is wrong. *Id.* We view the evidence, along with all reasonable inferences therefrom, in the light most favorable to the trial court's judgment, and all contrary evidence and inferences will be disregarded. *State ex inf. Nixon v. Russell*, 45 S.W.3d 487, 493 (Mo.App. W.D.2001). Moreover, we defer to the trial court's determinations regarding the credibility of witnesses. *Id.*

## B. Immunity

In his first point relied on, Edwards claims the trial court erred in declaring he forfeited his public office and in removing him from his position on the Board because his actions are protected by official and legislative immunity. We disagree.

Official immunity is a common law doctrine that shields public officials from "liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. banc 2008). The case at bar is not a suit in tort for damages for an act of negligence. Instead this case stems from a petition in quo warranto. Quo warranto is an action at law to protect the public against usurpation of power. *State ex inf. Dalton v. Mosley*, 365 Mo. 711, 286 S.W.2d 721, 730 (1956). A petition in quo warranto is not directed against an individual, but rather challenges an individual's right to hold a particular public office. *Id.*

Moreover, official immunity is only available to a public official when he exercises legitimate authority in a discretionary manner. *Southers*, 263 S.W.3d at 610. The trial court here found Edwards was not exercising his legitimate authority, but instead exercised authority that he did not lawfully possess. Acts which exceed a public official's legitimate authority are not discretionary and are not protected by official immunity. *Id.*

With respect to Edwards' claim of legislative immunity, he fails to provide any legal authority for applying legislative immunity to a suit in quo warranto. Furthermore, legislative immunity is available only where a legislator exercised his legislative functions in a legitimate manner. *Bogan v. Scott–Harris*, 523 U.S. 44, 54, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998). Based upon the evidence presented at trial, the trial court found that that Edwards "willfully and wrongfully usurped and executed [his] duties" as a Board member. Edwards exercised his legislative functions in an illegitimate manner by unilaterally exercising the powers of the full Board without a quorum and majority vote. Accordingly, Edwards may not rely on the doctrine of legislative immunity. Point one is denied.

## C. Forfeiture

In his second point relied on, Edwards claims the trial court erred in finding he forfeited his public office and in removing him from his position on the Board because the finding of forfeiture was not supported by the evidence. Edwards further argues that because there were no substantive grounds for forfeiture the trial court was without jurisdiction to entertain a proceeding in the nature of quo warranto.

A public official may be removed from office pursuant to a statutorily prescribed method or via the common law doctrine of quo warranto. *Mosley*, 286 S.W.2d at 730. Section 531.010, which codifies the common law writ of quo warranto, provides in part:

> In case any person shall usurp, intrude into or unlawfully hold or execute any office or franchise, the attorney general of the state, or any circuit or prosecuting attorney of the county in which the action is commenced, shall exhibit to the circuit court, or other court having concurrent jurisdiction therewith in civil cases, an information in the nature of a quo warranto . . . .

The Supreme Court of Missouri has held that actions in quo warranto are the proper remedy to oust an office holder for misconduct, malfeasance, or other cause. *State of Missouri ex inf. Saunders v. Burgess*, 364 Mo. 548, 264 S.W.2d 339, 340 (1954).

Edwards is correct in stating that forfeiture must in fact exist before the action of quo warranto is commenced; however, he ignores the fact that the "trial court may determine the question of forfeiture for itself." *Mosley*, 286 S.W.2d at 730. In this case, substantial evidence was presented to the trial court to support a finding that Edwards forfeited his office by engaging in misconduct, specifically by intentionally exercising powers he did not lawfully possess. The evidence showed that on three separate occasions Edwards transacted Board business without a quorum present. Based upon this evidence, the court found Edwards violated section 321.200.1, which states in relevant part:

> A majority of the members of the board shall constitute a quorum at any meeting and no business shall be transacted unless a quorum is present. The board, acting as a board, shall exercise all powers of the board, without delegation thereof to any other governmental or other body or entity or association, and without delegation thereof to less than a quorum of the board.

The evidence also showed Edwards went into three separate closed sessions without an affirmative public vote by a majority of a quorum and without stating the specific reason for closing the meetings. Thus, based upon this evidence, the court found Edwards violated section 610.022.1, which states:

> [N]o meeting or vote may be closed without an affirmative public vote of the majority of a quorum of the public governmental body. The vote of each member of the public governmental body on the question of closing a public meeting or vote and the specific reason for closing that public meeting or vote by reference to a specific section of this chapter shall be announced publicly at an open meeting of the governmental body and entered into the minutes.

The court further found Edwards' circumvention of the law as stated in sections 321.200 and 610.022 was willful. The court's finding of willfulness was in large part based upon its determination that the State's witness was credible, while Edwards and attorney Elbert Walton were incredible. We must defer to the credibility determinations of the trial court. *Russell, supra*. Upon evaluating the testimony of the witnesses, the court specifically found Edwards "exceeded his authority when he intentionally and flagrantly abused his power by unilaterally exercising the powers of the full Board without a quorum and majority vote of the Board of Directors on three separate occasions." Moreover, the excuses now advanced by Edwards, including his reliance on advice of counsel, are not sufficient to absolve him of ultimate responsibility. *State, on Inf. of McKittrick v. Williams*, 346 Mo. 1003, 144

S.W.2d 98, 105 (Mo. banc 1940). "A public official holds his office *cum onere* with all responsibilities attached." *Id.* We find an intentional abuse of power constitutes misconduct.

■ "When an officer has committed acts of misconduct, forfeiture is automatic." *State ex inf. Ashcroft v. Riley*, 590 S.W.2d 903, 907 (Mo. banc 1979). Thus, we agree with the trial court's determination that Edwards knowingly and willingly forfeited his office by willfully abusing the powers of his office. Having found Edwards' actions resulted in a forfeiture of his office, the trial court acted within its power under section 531.010 to remove Edwards from the Board. Point two is denied.[2]

### III. CONCLUSION

The judgment in quo warranto removing Edwards from his position on the Board is affirmed.

KATHIANNE KNAUP CRANE, J., and GEORGE W. DRAPER III, J., concur.

---

**2.** In his third and final point relied on, Edwards claims the trial court erred in entering judgment removing him from public office because he had not engaged in any willful, intentional or purposeful acts or omissions that gave good cause for his removal from public office. Having found above that Edwards' removal was proper, we find it unnecessary to address Edwards' third point. Point three is denied.