Derek W. CORNELIUS, Plaintiff/Appellant,

v.

CJ MORRILL,

and

Morrill Development, LLC, Defendants,

and

Contrend, Inc., Defendant/Respondent.

No. ED 93081.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 1, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 21, 2010.

Application for Transfer Denied March 2, 2010.

---

Matthew A. Rosenberg, St. Louis, MO for appellant.

David M. Remley, Cape Girardeau, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiff appeals from a judgment dismissing with prejudice his petition to vacate an arbitration award under section 435.405 RSMo (2000)[1] for failure to state a claim. We affirm.

Plaintiff, Derek W. Cornelius, filed a petition to vacate an arbitration award naming defendant, Contrend, Inc., and others as defendants.[2] The petition alleged that plaintiff and defendant entered into a "design/build" contract for the construction of a commercial building, and thereafter a dispute arose. Pursuant to that contract, plaintiff submitted the dispute to arbitration. Defendant filed a counterclaim against plaintiff in the arbitration proceeding. After a hearing, the arbitration panel issued an award to plaintiff in the amount of $35,131.52 and an award to defendant in the amount of $41,647.00, resulting in a net award to defendant of $6,516.98.

Thereafter, plaintiff sought vacation of the arbitration award on several of the grounds listed in section 435.405, including that defendant, who was not a Missouri licensed architect, could not enforce the contract containing the arbitration provisions because it included architectural services which, under section 327.461, could not be enforced by an unlicensed person. The petition further alleged that plaintiff "objected to the arbitration during the arbitration hearing based upon the fact that [defendant] was not a licensed architect within the State of Missouri." The petition incorporated and attached plaintiff's affidavit in which he averred that he "raised the issue of the lack of proper licensure with the arbitration panel and objected to the arbitration on those grounds," and that "despite the licensure issue being presented to the arbitration panel, the panel did not grant any relief to [plaintiff] and [plaintiff] was required to go forward with the arbitration hearing."

Defendant moved to dismiss the petition for failure to state a claim. The trial court granted the motion.

For his sole point on appeal, plaintiff asserts that the trial court erred in granting the motion to dismiss because his petition stated a cause of action for vacation of the arbitration award under section 435.405.1(5). That section provides:

1. Upon application of a party, the trial court shall vacate an award where:

\* \* \*

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings pursuant to section 435.355 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.[3]

In reviewing a dismissal for failure to state a claim, we give the petition its broadest intendment and construe the allegations favorably to the plaintiff. *K.G. v. R.T.R.,* 918 S.W.2d 795, 797 (Mo. banc 1996); *D.A.N. Joint Venture, III v. Clark,* 218 S.W.3d 455, 458 (Mo.App.2006). Our review is confined to the facts alleged in the petition and the exhibits incorporated

---

1. All subsequent statutory references are to RSMo (2000).

2. Plaintiff subsequently dismissed the other defendants.

3. A court may vacate an arbitration award only on the grounds listed in this statute. *Doyle v. Thomas,* 109 S.W.3d 215, 218 (Mo. App.2003); *National Ave. Bldg. Co. v. Stewart,* 910 S.W.2d 334, 351 (Mo.App.1995).

therein by reference. *Suburban Bus. Prod. v. T.E. Schmitt Co.*, 796 S.W.2d 77, 78 (Mo.App.1990). *See also Williams v. Belgrade State Bank*, 953 S.W.2d 187, 190 (Mo.App.1997).

■■■ However, "a pleader may literally plead himself out of court, and when facts constituting a defense appear affirmatively on the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer." *Freeman v. Leader Nat. Ins. Co.*, 58 S.W.3d 590, 597 (Mo.App. 2001). A motion to dismiss based on an affirmative defense may be sustained if the defense is irrefutably established by the pleadings. *St. Louis University v. Hesselberg Drug Co.*, 35 S.W.3d 451, 454 (Mo. App.2000). The petition may not be dismissed unless it establishes " 'on its face without exception' " that the defense applies. *K.G.*, 918 S.W.2d at 797 (quoting *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995)); *D.A.N.*, 218 S.W.3d at 458. Prior arbitration of the dispute is a bar to a legal action on the same dispute. *Masonic Temple Association of St. Louis v. Farrar*, 422 S.W.2d 95, 109 (Mo.App. 1967).

Plaintiff argues that section 435.405.1(5) gives him a right to judicial review because there was no agreement to arbitrate and he raised an objection in the arbitration proceeding. We do not reach his argument about whether his objection was sufficient because he is precluded from challenging the existence of an agreement to arbitrate.

Plaintiff argues there was no agreement to arbitrate because the contract containing the arbitration clause called for architectural services, defendant did not have an architectural license, and section 327.461 prohibits an unlicensed person from enforcing a contract for architectural services. Plaintiff's petition and incorpo-

rated affidavit make clear that he submitted the issue of whether section 327.461 prohibited defendant from enforcing the contract because it lacked an architectural license to the arbitration panel, and the panel ruled against him.

■■■ "The party challenging an arbitration award is not entitled to have a reconsideration of the merits of the dispute." *Sheffield Assembly of God v. American Ins.*, 870 S.W.2d 926, 930 (Mo. App.1994). Parties may submit legal issues to an arbitration panel. *Id.* If so submitted, an arbitration panel's mistakes of law, like mistakes of fact, are not a sufficient reason to vacate an award. *Id.* at 931. "An arbitration award, regular on its face, not the result of fraud or collusion, finally concludes and binds the parties on the merits of all matters properly within the scope of the award, both as to law and facts, and the courts will have no inquiry as to whether the determination thereon was right or wrong, for the purpose of interfering with the award." *Masonic Temple*, 422 S.W.2d at 109.

■■■ Here, plaintiff submitted the legal issue of whether section 327.461 prevented defendant from enforcing the contract to the arbitration panel. Plaintiff cannot have this issue reconsidered in a judicial proceeding to vacate the arbitration award under section 455.405.1(5).

■■■ In addition, a party cannot initiate arbitration, submit a dispute to arbitration, obtain an award, and also claim there is no arbitration agreement. "The courts have always held that one who resorts to arbitration, is present at the hearing, and participates in everything that is done, will not be heard to complain of any irregularity when the award goes against him." *Fernandes Grain Co. v. Hunter*, 217 Mo. App. 187, 274 S.W. 901, 904–05 (1925). Further:

"[a]s a general rule, by accepting benefits a person may be estopped from questioning the existence, validity, and effect of a contract. A party will not be allowed to assume the inconsistent position of affirming a contract in part by accepting or claiming its benefits, and disaffirming it in part by repudiating or avoiding its obligations, or burdens."

*Dubail v. Medical West Building Corporation,* 372 S.W.2d 128, 132 (Mo.1963) (quoting 31 C.J.S. Estoppel § 110, pp. 350, 351). *See also Nitro Distributing, Inc. v. Dunn,* 194 S.W.3d 339, 350 (Mo. banc 2006); *Netco, Inc. v. Dunn,* 194 S.W.3d 353, 360 (Mo. banc 2006). Plaintiff's acquiescence in the arbitration by pursuing and obtaining his own award also bars him from claiming there was no arbitration agreement.

The facts alleged in the petition irrefutably establish that plaintiff is barred by the prior arbitration proceeding from pursuing a lawsuit under section 435.405.1(5) to vacate the award on the ground there was no arbitration agreement. Point one is denied.

*Conclusion*

The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, J. and NANNETTE A. BAKER, J., concur.