June P. NGUYEN, et al., Appellants,

v.

**GRAIN VALLEY R–5 SCHOOL DISTRICT, et al.,**
**Respondents.**

No. WD 73182.

Missouri Court of Appeals,
Western District.

Dec. 13, 2011.

Leland F. Dempsey, Kansas City, MO, for Appellants.

Jo Stephanie Warmund, for Respondent Grain Valley R–5 School District.

Before Division Three: JAMES E. WELSH, Presiding Judge, JAMES M. SMART, JR., Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

June Nguyen and Bob Haynes ("the Plaintiffs") appeal from the Circuit Court of Jackson County's dismissal of Dr. Chris Small, Theresa Nelson, Keri Peterson, Ryan Evans, Francie Aumua, Robin Wagoner, and Denise Beach from a wrongful death action filed by Plaintiffs related to the death of their eleven-year-old daughter, Sabrina Nguyen, resulting from a head injury Sabrina sustained at school. The circuit court concluded that these individual defendants were protected from liability by official immunity. For the following reasons, the judgment is reversed in part, and the cause is remanded for further proceedings.

On December 3, 2008, Sabrina was participating in her physical education class at Grain Valley Middle School when she tripped while skipping and struck her head on the cinderblock wall of the school gymnasium and fell to the ground. Classmates helped Sabrina to her feet and escorted her to the gym teacher, Keri Peterson. Peterson noted that Sabrina was crying hysterically, unable to speak, and was bent over holding her head. Peterson asked another teacher, Ryan Evans, to escort Sabrina to the nurse's office. As Evans walked Sabrina down the hallway, she complained of vision problems and Evans had to hold her arm to steady her gait. Evans delivered Sabrina to health aide Francie Aumua in the nurse's office and left without comment. Aumua noted that Sabrina was hysterical and complained that her head hurt very badly. Aumua provided Sabrina with an ice pack for her head and shined a light in her eyes to make sure the pupils "get larger when you put the light on them." Aumua contacted Sabrina's parents to take her home and wrote a note for them indicating that Sabrina had suffered a minor head injury and that they should wake her up and check on her at midnight to make sure she was normal. Aumua then left Sabrina with a receptionist in the front office and went to lunch. Sabrina's parent's picked her up along with the note.

Haynes woke Sabrina up at midnight, and she appeared to be normal. At 6 a.m., Sabrina indicated that she did not feel like going to school, and her mother told her to go back to bed and get some rest. When Sabrina's mother checked on her again at about 10:30 a.m., Sabrina had turned blue and was not breathing. Neither Sabrina's mother nor paramedics were able to revive Sabrina, who was pronounced dead by the paramedics at 10:46 a.m. An autopsy revealed that Sabrina died as a result of

blunt head trauma that had caused skull fractures and hemorrhaging.

On October 14, 2009, the Plaintiffs filed a wrongful death petition against the Grain Valley School District, Grain Valley District Superintendent Dr. Chris Small, Grain Valley Middle School Principal Theresa Nelson, Peterson, Evans, Aumua, district nurse Robin Wagoner, and district nurse Denise Beach.[1] In short, Plaintiffs alleged that the gymnasium was a dangerous condition for children to be running around in; that the activities the children were engaged in were dangerous; that the children were insufficiently supervised; that Peterson, Evans, and Aumua were negligent in their treatment and handling of Sabrina's injuries; and that the other defendants were negligent in their training and supervision of Peterson, Evans, and Aumua.

On November 17, 2009, the defendants collectively filed a motion to dismiss the Plaintiffs' petition based upon sovereign immunity and official immunity. After the Plaintiffs responded, the trial court entered its order denying the defendant's motion as it related to the school district but postponing a ruling as to the individual defendants pending discovery related to whether those defendants were acting in a discretionary or ministerial capacity.

With leave of the court, the Plaintiffs filed an amended petition on May 13, 2010. The individual defendants filed a second motion to dismiss based upon sovereign immunity and official immunity. Defendant Grain Valley School District filed an answer to the amended petition. On September 7, 2010, the trial court entered a judgment concluding that teachers, nurses, and school administrators are public officials and, therefore, entitled to official immunity as long as the challenged actions were discretionary rather than ministerial.

Following a hearing, on October 6, 2010, the trial court entered its judgment dismissing all of the individual defendants. The trial court noted that the Plaintiffs had not identified any specific statutory or regulatory duty that was breached by the defendants and concluded that they, therefore, failed to establish that the individual defendants' actions were ministerial. The court then certified this matter for appeal, finding that there was no just reason for delay in any appeal from that judgment.[2] The Plaintiffs bring two points on appeal.

---

1. Another individual was initially named in the petition but later dismissed.

2. "As a general rule, for the purpose of appeal, a judgment must dispose of all parties and all issues in the case and leave nothing for future determination." *West v. Sharp Bonding Agency, Inc.*, 327 S.W.3d 7, 10 n. 5 (Mo.App. W.D.2010). "Rule 74.01(b) provides an exception to this general rule by permitting the trial court to designate as final a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." *Id.* (internal quotation omitted). "However, the trial court's certification of a judgment as final is not conclusive because we must independently determine if such judgment actually qualifies as a final judgment." *Id.*; *see also House Rescue Corp.*

*v. Thomas*, 328 S.W.3d 267, 273 (Mo.App. W.D.2010); *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997).

In the case at bar, the trial court dismissed all of the claims made against the individual defendants. "When the trial court resolves all issues and leaves open no remedies as to one [or more] of several defendants, the court may certify its judgment as final for purposes of appeal with regard to that defendant." *House Rescue Corp.*, 328 S.W.3d at 273; *West*, 327 S.W.3d at 11 n. 5; *Crossman v. Yacubovich*, 290 S.W.3d 775, 778 n. 3 (Mo.App. E.D.2009); *Gibson*, 952 S.W.2d at 245. As the trial court resolved all legal issues and left open no remedies for the Plaintiffs against the individual defendants, the trial court cannot be deemed to have abused its discretion in certifying its judgment in favor of the individual defendants as final and appealable, and

In their first point, the Plaintiffs contend that the trial court erred in dismissing the petition for failure to state a claim upon which relief could be granted. They argue that their petition did not establish, on its face, that official immunity applied to bar their recovery.

■ Where an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition only if the petition clearly establishes "on its face and without exception" that the defense applies and the claim is barred." *Cornelius v. CJ Morrill*, 302 S.W.3d 176, 179 (Mo.App. E.D.2009); *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995) (internal quotation omitted). In this case, the trial court expressly stated that evidence was required for it to rule on the issue of official immunity, evidence was presented and considered by the trial court, and the trial court indicated that it was treating the motion as a motion for summary judgment. Where the trial court entertains matters and evidence outside of the pleadings on a motion to dismiss, the motion to dismiss is converted into a motion for summary judgment, and the judgment is reviewed by this Court as such. *Wilson v. Cramer*, 317 S.W.3d 206, 208 (Mo.App. W.D.2010). Point denied.

■ In their second point, the Plaintiffs claim that the trial court erred in granting summary judgment in favor of the individual defendants because the defendants failed to prove that they were public officials engaged in discretionary acts. The Plaintiffs argue that evidence that the teachers chose their own lesson plans and that administrators supervised their subordinates does not establish that the teachers and nursing aide properly utilized discretion in treating Sabrina's injuries.

"This Court's review on an appeal from summary judgment is essentially *de novo*." *Dydell v. Taylor*, 332 S.W.3d 848, 852 (Mo. banc 2011) (internal quotation omitted). "Summary judgment is proper only if the moving party establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Id.* "This Court will review the record in the light most favorable to the party against whom judgment was entered and accords the non-movant the benefit of the all reasonable inferences from the record." *Id.* "The movant bears the burden of establishing a legal right to judgment and the absence of any genuine issue of material fact required to support the claimed right to judgment." *Southers v. City of Farmington*, 263 S.W.3d 603, 608 (Mo. banc 2008). Where summary judgment has been granted based upon an affirmative defense of official immunity, "we must consider whether there is a genuine dispute as to the existence of facts necessary to support this properly pleaded affirmative defense." *Conway v. St. Louis Cnty.*, 254 S.W.3d 159, 164 (Mo.App. E.D. 2008).

■ The judicially-created doctrine of official immunity "protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts."[3] *Southers*, 263 S.W.3d at 610. "Whether an act can be character-

---

the judgment qualifies as final. *Gibson*, 952 S.W.2d at 245. Consequently, this court is "vested with the authority to review the substantive nature of the present appeal." *West*, 327 S.W.3d at 11 n. 5.

**3.** "The function of official immunity is to protect individual government actors who,

despite limited resources and imperfect information, must exercise judgment in the performance of their duties." *Davis v. Lambert–St. Louis Int'l Airport*, 193 S.W.3d 760, 765 (Mo. banc 2006).

ized as discretionary depends on the degree of reason and judgment required." *Id.* "A discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued." *Id.* The determination of whether an act is discretionary "is made on a case-by-case basis, considering (1) the nature of the public employee's duties; (2) the extent to which the act involves policy-making or exercise of professional judgment; and (3) the consequences of not applying official immunity."[4] *Id.*

As the party asserting the affirmative defense of official immunity, the individual defendants bore the burden of pleading and proving that they are entitled to that defense. *Black & Veatch Corp. v. Wellington Syndicate,* 302 S.W.3d 114, 127 (Mo. App. W.D.2009). In its judgment, the trial court improperly shifted this burden to the Plaintiffs, stating that the defendants were entitled to official immunity unless the Plaintiffs identified in their petition a ministerial duty established by a statute or regulation that had been violated by the defendants. The court then based its conclusion that official immunity protected the defendants upon the Plaintiffs' failure to plead a violation of such a statute or regulation.

In requiring that the defendant plead and prove that a plaintiff employed by the government was not entitled to official immunity in order to avoid dismissal, the trial court relies upon *Boever v. Special Sch. Dist. of St. Louis Cnty.,* 296 S.W.3d 487, 492 (Mo.App. E.D.2009), and *Brummitt v. Springer,* 918 S.W.2d 909, 912 (Mo. App. S.D.1996), for the proposition that, "[t]o be liable for official acts, a public

official or employee must breach a ministerial duty imposed by statute or regulation." *Boever* quoted *Brummitt* for this proposition. *Boever,* 296 S.W.3d at 492. *Brummitt,* in turn, relied upon *Norton v. Smith,* 782 S.W.2d 775, 777 (Mo.App. E.D. 1989), which stated, "To be liable in tort for his or her official acts, a public official or employee must breach a ministerial duty imposed by statute or by regulation." *Norton* does not cite to any authority or provide any rationale for that statement; moreover, *Norton* made that comment solely in the context of the public duty doctrine. *Id.*

The Missouri Supreme Court has declared that, absent allegations that a state official violated "either a statutory or departmentally-mandated duty," a petition's pleadings "are insufficient to state a claim which is not barred by the doctrine of official immunity as a matter of law." *State ex rel Twiehaus v. Adolf,* 706 S.W.2d 443, 445 (Mo.1986). But a "departmentally-mandated duty" may clearly arise from sources other than statutes or regulations. Such a duty can arise from departmental rules, the orders of a superior, or the nature of the position for which the defendant was employed. Obviously, a janitor employed by the government that defies department rules and/or his supervisor's orders could not be reasonably deemed to be entitled to official immunity when he decides not to post a "wet floor" sign after mopping. The janitor's duty to post such a sign could not be deemed to require "the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued" regardless of

---

**4.** While the cases addressing official immunity frequently note that ministerial actions are not discretionary and even define what a ministerial action is, the key to whether official immunity is applicable is whether the defendant has proven that they are a public employee and that the allegedly tortious acts were discretionary.

whether such action is required by statute or state regulation.

Indeed, Missouri cases have routinely denied official immunity in instances where no statute or state regulation was violated. *See Robinson v. Hooker,* 323 S.W.3d 418, 427 (Mo.App. W.D.2010) (holding dismissal of petition was erroneous and that the defendant failed to demonstrate entitlement to official immunity where the plaintiff averred that the defendant, a public employee, negligently injured him while operating a high pressure hose); *Thomas v. Brandt,* 325 S.W.3d 481, 483 (Mo.App. E.D.2010) (holding that emergency medical technicians and paramedics were not entitled to official immunity for their actions related to the treatment of patients in non-emergency situations); *Geiger v. Bowersox,* 974 S.W.2d 513, 517 (Mo.App. E.D.1998) (relying on prison policy in holding that a prison nurse was not acting in a discretionary manner in maintaining and administering prisoners' medication); *Rush v. Senior Citizens Nursing Home Dist. of Ray Cnty.,* 212 S.W.3d 155, 161 (Mo.App. W.D.2006) (holding nurses were not entitled to official immunity where it was alleged that they failed to follow orders for a patient's care given to them by a doctor); *Richardson v. City of St. Louis,* 293 S.W.3d 133, 139 (Mo.App.E.D.2009) (reversing dismissal where plaintiff's alleged that defendant E.M.T. had negligently treated him because the facts in the petition did not establish on their face that the defendant's actions were discretionary). To the extent *Boever, Brummitt,* and *Norton* require the pleading of a ministerial duty imposed by statute or regulation to state a claim against a public employee that is not barred by official immunity, we perceive those cases to have inaccurately stated the standard adopted by our Supreme Court. As such, the trial court erred in following them.

■ Despite having concluded that the trial court misstated and misapplied the law, because our review is essentially *de novo,* we must still consider whether the Respondents demonstrated undisputed facts establishing their affirmative defense and entitling them to judgment as a matter of law. As noted *supra,* official immunity "protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Southers,* 263 S.W.3d at 610. It is undisputed that the individual defendants are all public employees. Thus, the sole issue is whether the Respondents established through undisputed facts that the alleged negligence occurred while they were performing discretionary acts.

■ The Missouri Supreme Court has dictated that the determination of whether an act is discretionary must be "made on a case-by-case basis, considering (1) the nature of the public employee's duties; (2) the extent to which the act involves policymaking or exercise of professional judgment; and (3) the consequences of not applying official immunity." *Id.* "Whether an act can be characterized as discretionary depends on the degree of reason and judgment required." *Id.* "[O]fficial immunity is only available to a public official when he exercises legitimate authority in a discretionary manner." *State v. Edwards,* 337 S.W.3d 118, 121 (Mo.App. E.D.2011). "Acts which exceed a public official's legitimate authority are not discretionary and are not protected by official immunity." *Id.*

The Plaintiffs' petition avers that the health aide, Aumua, in her treatment of Sabrina, carelessly and negligently failed to adhere to the applicable rules, polices, and guidelines established by the Revised

Statutes of the State of Missouri, the Missouri Department of Education, the Missouri Department of Health and Senior Services,[5] the Missouri State Board of Nursing, and Defendant Grain Valley R–5 School District. In their motion to dismiss, the Respondents relied entirely upon the fact that the Plaintiffs had not specifically referenced a statutory or regulatory duty that had been violated by Aumua in arguing for dismissal.

Respondents, who bore the burden of pleading and proving the affirmative defense of official immunity, did not assert in their motion that Aumua had complied with the applicable district rules, policies, and guidelines; that the rules, policies or guidelines afforded her discretion in their implementation; or that she had been granted the discretion to disregard the rules, policies, and guidelines. At the evidentiary hearing, Beach, Aumua's supervisor and the director of health services for the district, testified that Aumua and other nursing aides were provided with several different guides with checklists to use in providing medical treatment to students and referred to these guides as "their bibles or manuals." She stated that they were also provided with an emergency procedure book and a checklist for when they should call an ambulance or parent. Thus, the evidence certainly cannot be deemed to have established as an undisputed fact that Aumua had complete discretion in her treatment of students.

Respondents did not present any evidence at the evidentiary hearing regarding what treatment Aumua did provide to Sabrina, and the treatment that was or was not provided by Aumua was certainly not pleaded as an undisputed fact. In short, Respondents simply did not establish through undisputed facts that Aumua was entitled to official immunity and judgment as a matter of law. *See Rush,* 212 S.W.3d at 161 (holding nurse was not entitled to official immunity where the petition alleged that she acted negligently in failing to follow doctor's orders and her actions in following or not following those orders were ministerial); *Richardson,* 293 S.W.3d at 139 (reversing dismissal where plaintiff's alleged that defendant E.M.T. had negligently treated him because the facts in the petition did not establish on their face that the defendant's actions were discretionary); *Geiger,* 974 S.W.2d at 517 (holding prison nurse was not entitled to official immunity related to allegations that she failed to follow the prison policy related to inmate prescriptions because "the prison policy regarding the maintenance and administration of inmate's prescriptions does not depend on discretionary judgment calls"). The trial court erred in entering summary judgment on Plaintiffs' claims against Aumua.[6]

■ The Plaintiffs' petition makes similar claims against teachers Evans and Peterson, asserting that they had failed

---

**5.** The Plaintiffs assert that Aumua failed to follow Grain Valley Policies and the "Emergency Guidelines for Schools and Childcare Facilities" promulgated by the Missouri Department of Health and Senior Services.

**6.** We also note that a wealth of case law has established that government employees providing medical treatment in non-emergency situations are not entitled to official immunity regardless of whether any rules, policies, orders, or regulations were violated. *See Thom-*

*as v. Brandt,* 325 S.W.3d 481, 484 (Mo.App. E.D.2010) (holding that emergency medical technicians and paramedics were not entitled to official immunity for their actions related to the treatment of patients in non-emergency situations); *State ex rel. Eli Lilly & Co. v. Gaertner,* 619 S.W.2d 761 (Mo.App. E.D. 1981). We offer no opinion on the continued viability of these cases but note that they, likewise, support reversing the trial court's decision as to Aumua.

to follow the proper safety and injury guidelines, policies, rules and/or regulations including those mandated by Missouri statutes, the Missouri Department of Education, the Missouri Department of Health and Senior Services, the Missouri Board of Nursing, and the Grain Valley R–5 School District. The plaintiffs asserted that the teachers failed to properly supervise the children, failed to properly examine Sabrina's injury, failed to notify emergency medical services, and negligently failed to inform the nursing aid or Sabrina's parents of the extent of her injury. These pleadings do not, on their face, establish that the actions of Evans and Peterson in treating Sabrina were discretionary.

In their motion to dismiss, Respondents asserted that physical education teachers have the discretion to dictate the activities assigned to the students. Respondents made no averments related to the teacher's treatment of Sabrina's injuries or any discretion they were afforded related to such treatment, and the evidence presented at the evidentiary hearing did not establish that teachers were afforded discretion in treating head injuries sustained by students. Since Respondents failed to plead, let alone establish through uncontroverted facts, that their actions were discretionary, they failed to demonstrate that they were entitled to official immunity as a matter of law. Accordingly, the trial court erred in granting summary judgment in favor of these defendants.

The allegations against defendants Small, Nelson, Wagoner, and Beach differ significantly from those made against Aumua, Evans, and Peterson. They relate to hiring policies, training of employees, and general supervision of employees. No allegations were made indicating any direct involvement these individuals had in the activities in the physical education class or the treatment of Sabrina.[7] This type of supervisory conduct and policy making is discretionary and covered by official immunity. *See Southers*, 263 S.W.3d at 621. Accordingly, on the face of the Plaintiffs' petition, considering the undisputed fact that these individuals were public employees, the claims against those individual defendants were barred by official immunity, and summary judgment in favor of those defendants was not erroneous.

In sum, the trial court erred in the granting of summary judgment and dismissing the Plaintiffs' claims against Aumua, Evans, and Peterson on the basis of official immunity. The trial court's judgment as to those defendants is reversed, and the cause is remanded for further proceedings consistent with this opinion. As it relates to Small, Nelson, Wagoner, and Beach, the judgment is affirmed.

All concur.

---

7. Unlike the claims against Aumua, Evans, and Peterson, these allegations make no reference to any duty these defendants directly owed to Sabrina or the Plaintiffs.