

# In the Missouri Court of Appeals
## Eastern District

| | |
|---|---|
| PHIL MCCOY, | ) No. ED103719 |
| | ) |
| Relator, | ) |
| | ) Writ of Prohibition |
| v. | ) |
| | ) |
| THE HONORABLE SANDY MARTINEZ, | ) |
| JUDGE, CIRCUIT COURT, ST. FRANCOIS | ) |
| COUNTY, DIVISION I, | ) |
| | ) |
| Respondent. | ) FILED: January 19, 2016 |

## I. Introduction

Phil McCoy ("Relator") filed a Petition for Writ of Prohibition with this Court, seeking to prohibit the enforcement of Circuit Judge Sandy Martinez's ("Respondent's") Orders of April 9, 2015, and November 9, 2015,[1] in the action of Debrah Blumenberg, a Mother and Next Friend of Shelby Blumenberg, a Minor v. Richwoods R-VII School District and Phil McCoy, Circuit Court of St. Francois County, Missouri, Cause No. 12WA-C00472-02 ("Lawsuit"), denying Phil McCoy's Motion to Dismiss and Motion to Reconsider the Motion to Dismiss. Relator contends the trial court erroneously failed to dismiss both counts of negligence and negligent supervision against him based upon the official immunity doctrine. This Court previously issued an Order directing Respondent to file its answer and suggestions in opposition to the petition in prohibition. After receiving the same from Respondent, we hereby issue a permanent writ of

---

[1] Respondent's Order indicates it was actually entered on July 25, 2015; however, the order was not recorded until November 9, 2015.

prohibition barring Respondent from taking further action other than vacating its Orders dated April 9, 2015, and November 9, 2015, and dismissing Relator with prejudice.

## II.  Procedural Background

Debrah Blumenberg, mother and next friend of her minor child, Shelby Blumenberg, (collectively, "Plaintiffs") filed a claim for personal injuries sustained on January 22, 2010, by Shelby, a seventh grader, when she slipped and fell into a lunch table during her physical education class at Richwoods R-VII School District ("Defendant Richwoods").  The claims were for negligence and negligent supervision against Defendant Richwoods, a public school district in Washington County, Missouri, as well as against Relator, who was assigned to teach and supervise the students during that physical education class.  Plaintiffs allege the physical education class "was conducted, directed, taught and supervised in accordance with school policy and curriculum" by Relator.  As against Relator, Plaintiffs allege he failed to exercise the care that an ordinary careful and prudent person would use under the same or similar circumstances in the performance of his duties toward Shelby, and was thereby negligent. Plaintiffs allege Relator was negligent in that he failed to remove the metal tables from the gymnasium floor; he instructed students to perform a physical exercise in close proximity to the metal tables; he instructed students to run toward the metal tables and stop abruptly; and he did not take proper precautions to ensure that students would not be injured by the metal tables. Plaintiffs allege that, as a direct and proximate result of the negligence, Shelby injured her right knee and back.

Relator filed a motion to dismiss all claims against him as barred by the doctrine of official immunity, arguing in his memorandum in support thereof that Plaintiffs failed to cite any statute or regulation that could establish the existence or breach of a duty.  Responding, Plaintiffs

2

argued that Relator was not a public official and therefore was not protected by the official immunity doctrine; additionally, Plaintiffs allege they were not required to allege the existence and breach of statutory, regulatory, or departmentally-mandated duties. On April 9, 2015, Respondent denied Relator's motion to dismiss. Relator filed a motion to reconsider his motion to dismiss, which Respondent denied on November 9, 2015.

Relator now seeks a writ of prohibition barring Respondent from taking any further action other than vacating Respondent's orders dated April 9, 2015, and November 9, 2015, and directing Respondent to enter an order dismissing the claims brought by Plaintiffs against Relator with prejudice.

### III. Discussion

#### A. *Writ of Prohibition and Standard of Review*

Prohibition is a discretionary writ that may be issued to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent the exercise of extra-jurisdictional authority. State ex rel Henley v. Bickel, 285 S.W.3d 327, 330 (Mo. banc 2009). In the context of a motion to dismiss for failure to state a cause of action, where a petition reveals that the pleader has not stated and cannot state a cause of action of which the circuit court would have authority to act, then prohibition is proper. State ex rel. Elec. Co. v. Dolan, 256 S.W.3d 77, 81 (Mo. banc 2008). After a trial court's denial of a motion to dismiss a plaintiff's petition, and where it appears on the face of the pleadings that the defendant is immune from suit as a matter of law, prohibition is an appropriate remedy. State ex rel. Twiehaus v. Adolf, 706 S.W.2d 443, 444 (Mo. banc 1986). Although writs of prohibition have been discussed traditionally in jurisdictional terms, the Missouri Supreme Court made clear that the use of a writ in a motion to dismiss context does not depend upon jurisdictional analysis. Bickel, 285 S.W.3d at 330. "This

3

Court has repeatedly held that 'prohibition may be appropriate to prevent unnecessary, inconvenient, and expensive litigation.'" Id., quoting State ex rel. Union Planters Bank, N.A. v. Kendrick, 142 S.W.3d 729, 735 (Mo. banc 2004). If a party cannot state facts sufficient to justify court action or relief, it is fundamentally unjust to force another to suffer the considerable expense and inconvenience of litigation. Id. It is also a waste of judicial resources and taxpayer money. Id.

On a motion to dismiss for failure to state a cause of action, the court reviews the allegations of the petition to determine whether the facts pled therein are sufficient as a matter of law. Dolan, 256 S.W.3d at 82. A motion to dismiss for failure to state a cause of action:

> assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

Id., quoting Reynolds v. Diamond Foods & Poultry, Inc., 79 S.W.3d 907, 909 (Mo. banc 2002). The petition will "withstand the motion if it invokes substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial." Dolan, 256 S.W.3d at 82, quoting Grewell v. State Farm Mut. Auto Ins. Co., 102 S.W.3d 33, 36 (Mo. banc 2003).

B. *Official Immunity is Established on the Face of the Petition*

In response to the Relator's petition for writ of prohibition based on the trial court's denial of Relator's motion to dismiss, Plaintiffs, on behalf of Respondent, contend that the trial court properly denied Relator's motion to dismiss because Relator could not establish official immunity based on the pleadings. Plaintiffs argue Relator is not immune from lawsuits because

4

teachers are not public officials and Plaintiffs had no requirement to plead a ministerial duty here. We disagree.

Official immunity is an affirmative defense that protects public officials from liability for alleged acts of ordinary negligence committed during the course of their official duties for the performance of discretionary acts. Davis v. Lambert-St. Louis Intern. Airport, 193 S.W.3d 760, 763 (Mo. banc 2006). Dismissal based on an affirmative defense may be appropriate if the petition clearly establishes "on its face and without exception" that the claim is barred. Richardson v. City of St. Louis, 293 S.W.3d 133, 139 (Mo. App. E.D. 2009) (quoting Int'l Plastics Dev., Inc. v. Monsanto Co., 433 S.W.2d 291, 294 (Mo. banc 1968)). "When determining the sufficiency of the allegations setting forth a defendant's affirmative defense, we may look to the responsive pleadings as a whole." Woods v. Ware, 471 S.W.3d 385, 391 (Mo. App. W.D. 2015).

Our first step in analyzing whether Relator is protected by official immunity is determining whether he is a public official. In Southers v. City of Farmington, the Missouri Supreme Court declared that official immunity protects all public employees "from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." 263 S.W.3d 603, 610 (Mo. banc 2008). Moreover, relying on the Supreme Court's clarification of the doctrine of official immunity in Southers, this Court found that teachers are public employees who are protected from liability for negligent acts committed during the course of their official duties for the performance of discretionary acts. Boever v. Special Sch. Dist. of St. Louis County, 296 S.W.3d 487, 492 (Mo. App. E.D. 2009); see also Woods, 471 S.W.3d at 392 n.4; Nguyen, 353 S.W.3d at 731; Nine v. Wentzville R-IV Sch. Dist., No. 4:11-CV-353 CEJ, 2011 WL 2564767 (E.D. Mo. June 28, 2011) (teachers are

5

public officials entitled to official immunity).  The cases upon which Plaintiffs rely to support their argument that Relator is not a public officer entitled to assert the defense of official immunity, including Jackson v. Roberts, 774 S.W.2d 860, 861 (Mo. App. E.D. 1989), and Lehmen v. Wansing, 624 S.W.2d 1, 2-3 (Mo. 1981), were decided before the Missouri Supreme Court issued its decision in Southers.  To the extent that the cases cited by Plaintiffs stand for the proposition that teachers are not public officials under the doctrine of official immunity, we find this is not an accurate statement of the law.  Plaintiffs' first amended petition alleges that Relator was at all relevant times employed by the public school district as a teacher and supervisor; thus, the allegations on their face meet the first prong of our analysis.

Now knowing that Relator fits in the category of a public official entitled to official immunity, we next assess the acts alleged in the petition, and whether they are discretionary or ministerial.  Whether an act is discretionary or ministerial depends on the "degree or reason and judgment required" to perform the act.  Davis, 193 S.W.3d at 763, quoting Kanagawa v. State By and Through Freeman, 685 S.W.2d 831, 836 (Mo. banc 1985) (overruled on other grounds by Alexander v. State, 756 S.W.2d 539 (Mo. banc 1988)).  An act is discretionary when it requires "the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued."  Id., quoting Jackson v. Wilson, 581 S.W.2d 39, 43 (Mo. App. 1979).  Conversely, a ministerial duty is

> of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed.

Rustici v. Weidemeyer, 673 S.W.2d 762, 769 (Mo. banc 1984).  In order to prescribe a ministerial duty, the statute or regulation must be mandatory and not merely directory.  Boever, 296 S.W.3d at 492.  To discern whether an act is ministerial or discretionary, the court looks to

6

three factors: (1) the nature of the duties; (2) how much policymaking or professional expertise and judgment the act involves; and (3) the consequences of withholding immunity. Kanagawa, 685 S.W.2d at 836. Absent allegations averring the existence of a statutory or departmentally-mandated duty and a breach of that duty, a petition fails "to state a claim that is not barred by the doctrine of official immunity as a matter of law." Boever, 296 S.W.3d at 492, quoting State ex rel. Twiehaus v. Adolf, 706 S.W.2d 443, 446 (Mo. banc 1986).

In Boever v. Special School District of St. Louis County, the parents of a child who choked to death in school sued the school district and three of its employees (the child's teacher and two aides). 296 S.W.3d at 490. After the trial court sustained motions to dismiss the employee suit on the ground of official immunity, this Court decided that, where the plaintiffs failed to allege a breach of a statutory or regulatory duty, and therefore did not allege facts establishing that an exception to the official immunity doctrine applied, they did not state a claim for breach of a ministerial duty falling within the exception to the official immunity doctrine. Id. at 492.

Although the Western District Court of Appeals disagreed with Boever in Nguyen v. Grain Valley R-5 School Distrct, 353 S.W.3d 725, 731 (Mo. App. W.D. 2011) (stating that Boever inaccurately required the pleading of a ministerial duty imposed by statute or regulation to state a claim against a public employee that is not barred by official immunity), we distinguish its analysis. In Nguyen, the court concluded that the plaintiffs had properly pled a ministerial duty in asserting that the teachers had failed to follow the proper safety and injury guidelines, policies, rules and/or regulations, including those mandated by Missouri statutes, the Missouri Department of Education, the Missouri Department of Health and Senior Services, the Missouri Board of Nursing, and the Grain Valley R-5 School District. Id. at 732. Further, the appellate

7

court found the trial court erred in entering summary judgment in favor of teachers who, although they had asserted they had discretion to dictate the activities assigned to the students, failed to plead that their actions were discretionary in the treatment of head injuries sustained by students.  Id. at 733.  The Nguyen teachers failed to demonstrate that they were entitled to official immunity as a matter of law.  Id.

Here, however, Relator has asserted that his actions were discretionary by the very nature of the first amended petition on its face.  In Relator's motion to dismiss, he argues that he is entitled to protection under official immunity because Plaintiffs' first amended petition fails to cite any statute or regulation that could establish either the existence or breach of a duty, as well as any departmentally-mandated duty.

Our review of the first amended petition demonstrates that, in alleging Relator's negligence and negligent supervision in (a) Relator's failure to remove the metal tables from the gymnasium floor; (b) instructing students to perform a physical exercise in close proximity to the metal tables; (c) instructing students to run toward the metal tables and stop abruptly; and (d) failing to take proper precautions to ensure that students would not be injured by the metal tables, Plaintiffs allege no "ministerial" duty imposed upon Relator, nor the required breach of the same.  Plaintiffs do not allege that Relator "failed to comply with school policies" or regulations concerning safety or gym class, thus alleging breach of ministerial duties.  Instead, Plaintiffs' first amended petition alleges Relator actually followed school policy when he

> directed the members of the seventh grade physical education class, including Shelby Blumenberg, *in accordance with school policy and curriculum*, to engage in an exercise on the gymnasium floor in which they were required to run towards and in close proximity to the tables to pick up basketballs and stop quickly near the tables.

8

(emphasis added). Plaintiffs further argue in response to Relator's motion to dismiss that Relator is essentially a gym teacher who is "just following the rules, engaging in ministerial conduct and having students play sports on a gym floor with tables." There again, Plaintiffs fail to mention the essential element that the "ministerial conduct" was breached. Although our analysis need not go further, viewing the first amended petition on its face, we would be remiss without stating that, even in the most detailed "school policy" concerning safety or gym class, we cannot imagine Relator's acts or omissions in supervising students during an exercise activity were "ministerial" rather than discretionary in nature, requiring the exercise of the teacher's judgment. As previous court decisions have stated, although in the context of school board officials:

> At first blush it might appear that the duty to keep the school grounds 'safe' is ministerial in character, but it is apparent on closer analysis that a great many circumstances may need to be considered in deciding what action is necessary to do so, and such decisions involve the exercise of judgment or discretion rather than the mere performance of a prescribed task.

Jackson v. Wilson, 581 S.W.2d 39, 44 (Mo. App. W.D. 1979) (quoting Meyer v. Carman, 73 N.W.2d 514, 515 (Wis. 1955)). To the same extent, this statement applies to teachers and their discretionary duty to keep not just the school grounds safe, but the students safe as well. Whereas the Nguyen plaintiffs alleged a violation of ministerial duties in their petition, Plaintiffs here did not. Thus, Relator should have succeeded in arguing that the petition must be dismissed for failure to state a claim which is barred by the doctrine of official immunity as a matter of law.

Accordingly, we hereby order a permanent Writ of Prohibition barring Respondent from taking further action other than vacating Respondent's orders dated April 9, 2015, and November 9, 2015, and directing Respondent to dismiss the claims brought by Plaintiffs against Relator with prejudice.

9

## IV. Conclusion

This Order in Prohibition is absolute and the trial court is directed to vacate Respondent's orders dated April 9, 2015, and November 9, 2015, and dismiss the claims brought by Plaintiffs against Relator with prejudice.

_____
ROY L. RICHTER, Presiding Judge

Lisa S. VanAmburg, C.J., concurs
Robert M. Clayton III, concurs.