

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ISABELLA GRAY-ROSS, | ) | No. ED109775 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Christopher E. McGraugh |
| ST. LOUIS PUBLIC SCHOOLS, | ) | |
| | ) | |
| Respondents. | ) | Filed: March 22, 2022 |

### Introduction

Isabella Gray-Ross ("Appellant") appeals the judgment of the 22nd Judicial Circuit Court ("trial court") granting the motion to dismiss filed by Lakesha LaPrade ("LaPrade"), Lieutenant Kestner Miller, Lisa Taylor Brown, Sergeant Misty Dobynes, and Tracy Davis ("Supervisory Respondents"), together (Individual Respondents).

Appellant raises four points on appeal. In Point I, Appellant argues the trial court erred in granting LaPrade's motion to dismiss based on official immunity because her motion did not sufficiently raise the affirmative defense of official immunity in that she failed to disprove Appellant's pleading she breached a ministerial duty. In Point II, Appellant argues the trial court erred in granting the Supervisory Respondents' motion to dismiss based on official immunity because they failed to sufficiently raise the affirmative defense of official immunity by failing to disprove Appellant's pleading they are public employees who breached ministerial duties. In

Point III, Appellant argues the Coverdell Act does not provide an independent basis to affirm the dismissal because the Coverdell Act extends immunity only to efforts to control, discipline, expel, or suspend a student or maintain order or control in the classroom or school. In Point IV, Appellant argues the public duty doctrine does not provide an independent basis to affirm the dismissal because Appellant pled she was owed a specific duty by the Individual Respondents because she had a special, direct, and distinctive interest in being protected by them.

We affirm.

## Factual and Procedural History

Appellant's petition reveals the following facts. Appellant was a member of the McKinley High School girls' soccer team during the spring 2018 soccer season. On April 30, 2018, McKinley played a match hosted by Northwest Academy of Law. Both schools are part of St. Louis Public Schools ("SLPS"). Appellant claims she was attacked during the match by members of the Northwest team, who punched and kicked her and caused a traumatic brain injury and an orbital blowout fracture.

On November 19, 2020, Appellant filed her first amended petition containing three counts of negligence. In Count I, Appellant alleged SLPS breached its duty to ensure student-athletes are safe from assault and the Northwest soccer field was a dangerous condition of public property due to a lack of security present. In Count II, Appellant alleged LaPrade breached her duties as a security guard because she failed to be at the soccer field at the time of the match. In Count III, Appellant alleged the Supervisory Respondents were negligent for failing to have a plan or policy in place to prevent and manage violence at school sporting events.

SLPS moved to dismiss based on sovereign immunity. The Individual Respondents moved to dismiss arguing liability was barred by official immunity, the Coverdell Act, and the

2

public duty doctrine. The trial court granted both motions, finding SLPS was entitled to sovereign immunity and the Individual Respondents were entitled to official immunity. Finding official immunity dispositive regarding the Individual Respondents' motions, the trial court did not rule on their Coverdell Act and public duty doctrine arguments.

This appeal follows. Appellant does not raise the issue of the dismissal of SLPS based on sovereign immunity in this appeal. Additional facts and procedural history will be included as needed to address Appellant's claims.

## Standard of Review

Our review of a trial court's grant of a motion to dismiss is *de novo. Lang v. Goldsworthy*, 470 S.W.3d 748, 750 (Mo. banc 2015) (citing *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008)). A plaintiff's averments are taken as true, and all reasonable inferences therefrom are liberally construed in the plaintiff's favor. *A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 631 (Mo. App. E.D. 2016) (citing *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329 (Mo. banc 2009)). We will affirm the dismissal if it is supported on any ground stated in the motion to dismiss, whether or not the trial court relied on that ground. *Prop. Exch. & Sales, Inc. v. King*, 822 S.W.2d 572, 573 (Mo. App. E.D. 1992) (citing *Delmain v. Meramec Valley R–III School Dist.*, 671 S.W.2d 415, 416 (Mo. App. E.D. 1984)).

## Discussion

*Point I: Sufficiency of LaPrade's Official Immunity Defense*

Appellant argues the trial court erred in granting LaPrade's motion to dismiss based on official immunity because she failed to sufficiently raise the affirmative defense of official immunity. Appellant argues a party attempting to raise official immunity must establish they were performing a discretionary act, but LaPrade failed to plead her challenged action was

discretionary. *Robinson v. Hooker*, 323 S.W.3d 418, 421 (Mo. App. W.D. 2010). Appellant argues LaPrade's motion to dismiss "does not disprove" Appellant's allegation she violated ministerial duties. Appellant argues the motion to dismiss failed to establish "on its face and without exception" official immunity applied. *Nguyen v. Grain Valley R-5 Sch. Dist.*, 353 S.W.3d 725, 729-30 (quoting *Cornelius v. CJ Morrill*, 302 S.W.3d 176, 179 (Mo. App. E.D. 2009)). Appellant argues she was not required to plead the specific statute, regulation, or policy mandating a ministerial duty because LaPrade failed to properly raise official immunity and overcome Appellant's assertion her duties were ministerial. *Nguyen*, 353 S.W.3d at 729; *Goldsby v. Lombardi*, 559 S.W.3d 878, 881 (Mo. banc 2018). Appellant argues a court must not infer any discretion where it is not explicitly and without exception stated in the petition. *Nguyen*, 353 S.W.3d at 729. Appellant argues we must therefore accept, for the motion to dismiss, the alleged duty to be at the match was ministerial because we read factual assertions broadly and draw all inferences in favor of the pleader. *Bachtel v. Miller Cty. Nursing Home Dist.*, 110 S.W.3d 799, 801 (Mo. banc 2003). Appellant argues the factors in *Southers v. City of Farmington* favor a finding LaPrade violated a ministerial duty by failing to be at the field during the match. 263 S.W.3d 603, 610 (Mo. banc 2008), *as modified on denial of reh'g* (Sept. 30, 2008). Appellant argues whether LaPrade was a public official performing a ministerial duty is a fact-intensive question and the case should be remanded to develop a record.

LaPrade argues Appellant did not plead sufficient facts to state a claim and her petition was properly dismissed due to official immunity, because the breach of a ministerial duty required by law is a very narrow exception to the general applicability of official immunity. *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 191 (Mo. banc 2019). LaPrade argues her security duties were discretionary and protected by official immunity, and Appellant pled no facts

4

demonstrating otherwise, and Appellant seeks to shift her pleading burden by claiming LaPrade failed to prove official immunity applies. LaPrade argues Appellant failed to state a claim as a matter of law because Appellant pled mere conclusions unsupported by sufficiently specific factual allegations of the breach of a ministerial duty and omitted an allegation of a specific duty or how it should have been carried out. *ITT Com. Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993); *Berkowski v. St. Louis County Board of Election Commissioners*, 854 S.W.2d 819, 823 (Mo. App. E.D. 1993); *Stephens v. Dunn*, 453 S.W.3d 241, 250 (Mo. App. S.D. 2014) (citing *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 445 (Mo. banc 1986)). LaPrade argues providing school security is generally a discretionary function. *McCoy v. Martinez*, 480 S.W.3d 420, 427 (Mo. App. E.D. 2016) (citing *Jackson v. Wilson*, 581 S.W.2d 39, 44 (Mo. App. W.D. 1979)).

Missouri is a fact-pleading jurisdiction. *Gerke v. City of Kansas City*, 493 S.W.3d 433, 436 (Mo. App. W.D. 2016) (citing *Gardner v. Bank of Am., N.A.*, 466 S.W.3d 642, 645 (Mo. App. E.D. 2015)). A petition must contain a short and plain statement of the facts showing the pleader is entitled to relief. *Id.* A petitioner is not required to plead evidentiary facts but must plead the ultimate facts she will prove to make out her cause of action. *Suelthaus & Kaplan, P.C. v. Byron Oil Indus., Inc.*, 847 S.W.2d 873, 876 (Mo. App. E.D. 1992) (citing *Bennett v. Mallinckrodt*, 698 S.W.2d 854, 865 (Mo. App. E.D. 1985)). Bare conclusions are insufficient. *Id.; See also ITT Com. Fin. Corp.*, 854 S.W.2d at 379. Pleading merely that an employee was performing a ministerial act with "no discretion" is insufficient to state a cognizable claim against a public official. *A.F.,* 491 S.W.3d at 632 (citing *Hendricks v. Curators of University of Missouri*, 308 S.W.3d 740, 747 (Mo. App. W.D. 2010)). The same pleading standard applies to

responsive pleadings raising an affirmative defense. *Echols v. City of Riverside*, 332 S.W.3d 207, 211 (Mo. App. W.D. 2010).

In a negligence action, the existence and breach of a legal duty are the petitioner's burden to plead. *A.F.*, 491 S.W.3d at 632 (citing *Stephens*, 453 S.W.3d at 251). When a petitioner alleges negligence by public employees, Missouri courts apply official immunity to shield them from liability if they acted in the course of their official duties in the performance of discretionary acts. *Southers*, 263 S.W.3d at 611 (citing *Davis v. Lambert–St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006)). Official immunity's protection applies to public school employees and recognizes vigorous and effective administration of public affairs requires protection of those public officials who, faced with imperfect information and limited resources, must daily exercise their best judgment in conducting the public's business. *A.F.*, 491 S.W.3d at 631; *Kemp v. McReynolds*, 621 S.W.3d 644, 653 (Mo. App. E.D. 2021), *transfer denied* (June 1, 2021) (citing *Alsup*, 588 S.W.3d at 191). Official immunity does not deny the existence of negligence, but instead provides an officer will not be liable for damages. *Southers,* 263 S.W.3d at 611 (citing *Davis*, 193 S.W.3d at 765-66).

Appellant is correct official immunity is an affirmative defense which is LaPrade's burden to prove. *Alsup*, 588 S.W.3d at 193 (citing *Warren v. Paragon Techs. Grp., Inc*., 950 S.W.2d 844, 846 (Mo. banc 1997)). Unless an exception applies, official immunity bars liability as a matter of law where there is no dispute the party raising the defense is a public employee whose actions were within the scope of their official duties and there is no allegation they acted with malice. *See Alsup*, 588 S.W.3d at 193-94; *See also Davis*, 193 S.W.3d at 763 (citing *Kanagawa v. State*, 685 S.W.2d 831, 835 (Mo. banc 1985), *overruled on other grounds by Alexander v. State*, 756 S.W.2d 539 (Mo. banc 1988)). The key is whether a defendant can prove

they are a public employee and their allegedly tortious acts were discretionary. *Nguyen*, 353 S.W.3d at 733 n.4. There is no dispute LaPrade is a public employee who acted in the course of her official duties and there is no allegation of malice, so the only question is whether the ministerial exception applies.[1] *Southers*, 263 S.W.3d at 611. This question can be determined as a matter of law. *See Alsup*, 588 S.W.3d at 193-94; *see also Miller v. Smith,* 921 S.W.2d 39, 46 (Mo. App. W.D. 1996).

The "ministerial" exception to official immunity is a narrow one. *Kemp*, 621 S.W.3d at 653 (citing *Alsup*, 588 S.W.3d at 191). A ministerial duty is merely clerical, to be performed on a given set of facts in a prescribed manner and without regard to the official's judgment or opinion. *Id.* In contrast, a discretionary act is one requiring the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done. *Southers*, 263 S.W.3d at 610 (citing *Kanagawa*, 685 S.W.2d at 836). Determining whether an act is discretionary or ministerial is made case-by-case, considering: (1) the nature of the public employee's duties; (2) the extent to which the act involves policymaking or exercising professional judgment; and (3) the consequences of not applying official immunity. *Kemp*, 621 S.W.3d at 653–54 (citing *Southers*, 263 S.W.3d at 610). The central question is whether there is any room for variation in when and how a particular task can be done. *Alsup*, 588 S.W.3d at 191 (citing *State ex rel. Clarke v. West*, 198 S.W. 1111, 1113 (Mo. banc 1917)).

Actions have consistently been found discretionary as a matter of law in circumstances such as this case. Official immunity applies to a police officer responding to an emergency.

---

[1] Appellant pled LaPrade "acted willfully and recklessly" in her failure to be at the soccer field and demonstrated "a reckless indifference to and conscious disregard for the safety of others, including [Appellant]." This is not malice. A public official acts with malice when she wantonly does what a person of reasonable intelligence would know to be contrary to her duty and which she "*intends to be prejudicial or injurious to another*." *Alsup*, 588 S.W.3d at 194 n.7 (citing *Twiehaus*, 706 S.W.2d at 447) (emphasis added). Appellant did not plead LaPrade intended her action to be prejudicial or injurious and therefore has not alleged malice.

7

*Southers*, 263 S.W.3d at 618. Deciding whether to restrain a school-age child and determining and employing the proper means and manner to accomplish that restraint are "far from the sort of ministerial or clerical acts that fall outside the broad scope of official immunity." *Alsup*, 588 S.W.3d at 193–94. Situations "teeming with the necessity for quick judgment calls" are exactly the types of decisions official immunity is designed to protect. *Id*. at 194 (quoting *Green v. Denison*, 738 S.W.2d 861, 865 (Mo. banc 1987), *overruled on other grounds by Davis*, 193 S.W.3d at 765 n.8 (Mo. banc 2006)).

This case is distinguishable from cases where official immunity defenses have failed. In *Nguyen*, this Court held official immunity did not apply where the respondent's motion to dismiss "relied entirely" upon the petitioner's failure to specifically cite the source of the claimed statutory or regulatory duty. 353 S.W.3d at 732. Here, LaPrade's motion to dismiss properly raised official immunity by arguing she is a public employee entitled to official immunity and cited *Southers* to argue official immunity protects discretionary acts. 263 S.W.3d at 610.

In arguing LaPrade's duties were ministerial, Appellant contends a ministerial duty can be characterized as "if X, then Y," where X is a situation and Y is a mandatory action. Appellant cites the facts of *J.M. v. Lee's Summit Sch. Dist*. to make this point. 545 S.W.3d 363 (Mo. App. W.D. 2018). In *J.M.*, the court found a public official breached a ministerial duty by allowing a softball player to play catcher without a facemask. *Id.* at 372. The public official, a volunteer gym teacher, received clear instructions from the primary gym teacher to ensure anyone playing catcher wore a facemask. *Id.* The catcher's nose was broken on the first pitch, an injury which would have been prevented by a mask. *Id.* Appellant argues the situation giving rise to a duty, such as a softball player playing catcher, is the "X," and the action required by the public official, ensuring the catcher wore a facemask, is the "Y." Under Appellant's "if X, then Y"

argument a ministerial duty is formulaic and certain, allowing no room for variation in the action taken.

Appellant pled LaPrade's duty to be at the soccer field was her "X," and the action of being at the soccer field was her "Y." Appellant's pleadings also state Appellant had an interest in "being protected" by a security guard during the match and had LaPrade been at the soccer field "she would have deterred and/or stopped" the attack *after it began*. We accept these pleadings as true. *A.F.,* 491 S.W.3d at 631 (citing *Henley*, 285 S.W.3d at 329). These pled facts are readily distinguishable from *J.M.*, where the official had only to make sure a facemask was worn to prevent the catcher's injury. 545 S.W.3d at 372. Here, to deter or stop an attack that had already begun, the action required of LaPrade was more complex: she would have needed to intervene, using her discretion as to the best means to do so.

The Missouri Supreme Court in *Alsup* is particularly instructive in this case. 588 S.W.3d 187. Appellant's "if X, then Y" argument is unpersuasive because the fact that there is a duty to be at the soccer field says nothing about whether the act is ministerial. The relevant inquiry is whether the required "action" is ministerial or whether the official retains the "authority to decide when and how" the act is to be done. *Id.* at 192-93; *Southers*, 263 S.W.3d at 610 (citing *Kanagawa*, 685 S.W.2d at 836). Protecting students, deterring attacks, and stopping attacks after they ensue are the "actions" Appellant pled in her petition against LaPrade. LaPrade would have needed to intervene in a spontaneous attack and determine the most effective means to do so in a rapidly developing situation. As pled, this was a quintessential discretionary duty. *See id.* at 193–94. Appellant failed to plead facts demonstrating LaPrade's duty was ministerial. There is no dispute LaPrade is a public employee whose actions were within the scope of her official duties and there is no allegation she acted with malice. Appellant failed to state a claim on which relief

9

could be granted because official immunity bars her claim as a matter of law. *See Alsup*, 588 S.W.3d at 193-94.

In reaching its conclusion, the trial court did not shift the burden to Appellant to "prove" official immunity is inapplicable but instead followed the Missouri Supreme Court's instruction to consider the petition itself in determining whether official immunity applies. *Nguyen,* 353 S.W.3d at 729-30 (citing *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995)). When an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition if it clearly establishes "on its face and without exception that the defense applies and the claim is barred." *Kemp*, 621 S.W.3d at 652 (quoting *Nguyen*, 353 S.W.3d at 729).

Because LaPrade raised official immunity and it is clear from the face of Appellant's petition official immunity applies, the trial court did not err in finding Appellant failed to state a claim because LaPrade is not subject to liability for the claim alleged by Appellant.

Point I is denied.

*Point II: Sufficiency of the Supervisory Respondents' Official Immunity Defense*

In Point II, Appellant reiterates her arguments from Point I to argue the trial court erred in dismissing the remaining Supervisory Respondents: Lt. Kestner Miller, Lisa Taylor Brown, Sgt. Misty Dobynes, and Tracy Davis. As all Respondents jointly filed the same motion to dismiss and relied on the same contentions regarding official immunity, Supervisory Respondents' arguments are the same as those of LaPrade, described above. Appellant pled the Supervisory Respondents breached ministerial duties to protect SLPS student-athletes by failing to: have "an action plan or policy in place to ensure violence at sporting events was properly prevented and managed"; follow any existing action plan or policy "to ensure that [Appellant's] attack was properly prevented and managed"; have "security officers present" at the match;

failing to "further protect [Appellant] once the incident ensued"; and "in other such ways" Appellant could prove.

There is no dispute Supervisory Respondents are public employees who acted within the scope of their duties. The trial court found they are entitled to official immunity because Appellant failed to specifically allege acts "of a clerical nature which [Supervisory Respondents] were required to perform upon a given set of facts, in a prescribed manner". A conclusory pleading that an employee was performing a ministerial act with "no discretion" is insufficient to state a cognizable claim against a public official. *Suelthaus & Kaplan, P.C.*, 847 S.W.2d at 876 (citing *Bennett*, 698 S.W.2d at 865); *A.F.,* 491 S.W.3d at 632 (citing *Hendricks*, 308 S.W.3d at 747). As in Point I, Appellant has alleged discretionary duties because these officials retain the authority to determine when and how policies should be implemented and security provided. *Alsup*, 588 S.W.3d at 193. Creating a policy for the possibility of unknown future violence necessarily requires discretion and the exercise of judgment and is therefore a discretionary act as a matter of law. *Southers*, 263 S.W.3d at 603; *See also Cox v. Dep't of Nat. Res.*, 699 S.W.2d 443, 448 (Mo. App. W.D. 1985). Implementing and adhering to safety policies involves "highly discretionary supervisory and policy decisions [official immunity] is intended to shield." *Southers*, 263 S.W.3d at 621 (citing *State ex rel. St. Louis State Hosp. v. Dowd*, 908 S.W.2d 738, 741 (Mo. App. E.D. 1995)). Absent malice, which Appellant does not allege, Supervisory Respondents' discretionary acts are protected by official immunity and Appellant has failed to state a claim on which relief can be granted. *See Alsup*, 588 S.W.3d at 193-94.

Point II is denied.

## Conclusion

The trial court did not err in granting the motions to dismiss filed by Individual Respondents. Because Points I and II are dispositive, we decline to address Points III and IV.

_____

Philip M. Hess, Judge

Before Sherri B. Sullivan, Chief Judge and
James M. Dowd, Judge concur.

12